Elbert L. NORTON, Sr., et al., Appellants,

v.

Grover GREEN et al., Appellees.

No. 3466.

Court of Civil Appeals of Texas.

Waco.

June 27, 1957.

Rehearing Denied July 25, 1957.

Harold B. Sanders, Dallas, for appellant.

Strasburger, Price, Kelton, Miller & Martin, Dallas, for appellee.

McDONALD, Chief Justice.

This case involves a controversy between two factions of the Northridge Presbyterian Church of Dallas, over the church building and other property of said church. A statement is necessary. In 1954 certain differences arose over the appointment of a Church Treasurer and over the handling of the finances of the church generally. These differences grew and grew; charges were filed with the Presbytery; a Judicial Commission was appointed by the Presbytery which conducted a series of hearings and finally directed certain procedures in the handling of the church finances, and made certain admonitions to the minister and certain other officers of the church. The minister and a number of others were dissatisfied with the action taken by the Judicial Commission as well as with the general turn of events and continued the controversy. On *2 March 1956* the Judicial Commission of the Presbytery dissolved the pastoral relation between the minister and Northridge congregation. Thereafter the minister, Dr. John Knox Bowling, brought an injunction suit against the Presbytery (which was subsequently dismissed).

Thereafter on *18 March 1956* a congregation meeting was held at Northridge Church at which meeting, by a vote of 159 to 83, a resolution was adopted withdrawing from the fellowship of the Presbyterian Church in the United States and designating the group as Northridge Presbyterian Church, Unaffiliated. On the same date the minister, Dr. Bowling, submitted his resignation in writing to The Presbytery of Dallas and requested that The Presbytery erase his name from the roll of its ministers. The minister, Dr. Bowling, and those who supported the resolution to withdraw from The Presbytery, together with others in sympathy with them, numbering in all some 300, took possession of the properties of the Northridge Presbyterian Church, and continued operation as "an independent and unaffiliated Presbyterian church". This group constitute the defendants in the instant case. The 59 who voted against the resolution to withdraw from The Presbytery and those in sympathy with them, numbering in all about 200, have continued their worship in a nearby school, continue to recognize the authority of The Presbytery, and are recognized by The Presbytery as the Northridge Presbyterian Church, U.S. This group constitutes the plaintiffs in the instant case.

On *4 May 1956* plaintiffs (the group who remained and did not withdraw from The Presbytery and the Presbyterian Church, U.S.) filed this case against the defendants

(the group who withdrew and call themselves Northridge Presbyterian Church, Unaffiliated). Plaintiffs prayed to be adjudicated the lawful Northridge Presbyterian Church, U.S., and to be adjudicated the church building and other property which was owned by Northridge Presbyterian Church, U.S., as of *18 March 1956* (the date upon which the minister and the defendants withdrew).

The plaintiffs and defendants entered into the following stipulation:

"It is agreed between the parties as follows:

"That the name of plaintiffs' church is Northridge Presbyterian Church, U.S., and that of defendants' church is Northridge Presbyterian Church.

"Northridge Presbyterian Church was organized and came into existence long prior to March 18, 1956. Plaintiffs and defendants were members of Northridge Presbyterian Church prior to March 18, 1956. On March 18, 1956, defendants split off and renounced The Presbytery of Dallas, Presbyterian Church U.S. Since March 18, 1956, defendants have called their church Northridge Presbyterian Church. Plaintiffs have called their church Northridge Presbyterian Church, U.S. On March 18, 1956, Northridge Presbyterian Church had property and choses in. action, including the church and grounds on Bob-O-Links Drive, Dallas, Texas, and a house or residence on Llano Drive in Dallas; some land in Leon and Brazoria Counties, Texas, and some bank accounts.

"Some of the properties are in the names of individuals and corporations, but they are simply trustees and all of the property and choses in action in existence on said date belong to either the plaintiffs or defendants, and either plaintiffs or defendants are entitled to full ownership and possession of said properties and choses in action, and this court will by its decree adjudge ownership and possession in either plaintiffs or defendants.

"It is further agreed by and between the parties, that copies of all depositions in this case may be used in lieu of originals, on the trial of this cause.

"Dated this 7th day of September 1956."

Thereafter plaintiffs filed motion for summary judgment under Rule 166–A, Texas Rules of Civil Procedure, alleging that there was no material issue of fact in the case and that plaintiffs were entitled to prevail as a matter of law. Such motion further stated:

"3.

"The individual plaintiffs, and those in a similar position, are members of the congregation of Northridge Presbyterian Church, Presbyterian Church, U.S.

"The individual defendants, other than Dr. John Knox Bowling, are members of a church not affiliated with Presbyterian Church, U.S., and they compose a congregation calling itself Northridge Presbyterian Church, Unaffiliated. Dr. John Knox Bowling is the pastor of said unaffiliated congregation.

"4.

"Northridge Presbyterian Church, Presbyterian Church, U.S., is and has been at all times material to the matters involved in this case, subject to the jurisdiction of The Presbytery of Dallas, Presbyterian Church, U.S., and the Book of Church Order, Presbyterian Church, U.S.

"5.

"Prior to March 18, 1956, not only were the individual plaintiffs, and those in whose behalf this suit is brought, members of Northridge Presbyterian

Church, Presbyterian Church, U.S., but, in addition thereto, the defendants herein were also members of the said Northridge Presbyterian Church, Presbyterian Church, U.S. On March 18, 1956, the defendants herein, and the others of their class, renounced the jurisdiction of The Presbytery of Dallas, and the Presbyterian Church, U.S., and ceased to be members of the Presbyterian Church, U.S. A Commission, duly appointed by The Presbytery of Dallas, Presbyterian Church, U.S., in accordance with the Book of Church Order, Presbyterian Church, U.S., has determined that the individual plaintiffs herein, and those of the same class, constitute the continuing group of Northridge Presbyterian Church, Presbyterian Church, U.S., and now constitute the members of that church."

The defendants filed a reply to the foregoing motion for summary judgment, together with affidavits, none of which show any denial of the material facts set forth in the motion. The defendants' affidavits and pleadings rather confirm the facts set forth in plaintiffs' motion, but contend that since a *majority* of the congregation voted to withdraw from the fellowship of the Dallas Presbytery and the Presbyterian Church, U.S., that the *majority* were entitled to take the property with them.

The Trial Court, on *17 September 1956,* rendered summary judgment reciting that all parties appeared and announced ready, whereupon the pleadings were read, and the following introduced into evidence:

"All motions by all of the parties;

"The depositions of Dr. John Knox Bowling, Grover Green, and Cecil H. Lang;

"All of the court papers in No. 8391–B, styled Dr. John Knox Bowling vs. Walter A. Bennett, et al;

"The Book of Church Order;

"Presbyterian Polity and Procedure;

"Letter of Rev. E. C. Scott, dated 20 March 1956.

"2 affidavits of Grover Green;

"2 affidavits of Cecil H. Lang;

"Affidavit of Dr. John Knox Bowling;

"Affidavit of Kenneth Massey;

"Affidavit of Elbert L. Norton, Jr.;

"Certified copy of Charter of the Trustees of East Dallas Presbyterian Church;

"Certified copy of Charter of Northridge Presbyterian Church, Inc.

"Abstract of title church property;

"Stipulation of parties;

"And the court having considered the pleadings, the evidence, and the argument of counsel, is of the opinion that both the law and the facts are with plaintiffs, and that they should be granted all the relief prayed for, and that all relief prayed for by the defendants should be denied."

The court thereupon adjudicated title to the church property and other properties sued for to be in the plaintiffs Northridge Presbyterian Church, U.S.

The defendants appeal on 11 points, in which it is contended that the Trial Court erred in granting summary judgment in favor of plaintiffs. Defendants contend generally that (1) the parties and capacities in which plaintiffs and defendants are cast will not support rendition of summary judgment; and (2) that since the Northridge Presbyterian Church was incorporated, that a majority of the corporation could secede from The Presbytery and the Presbyterian Church, U.S., and take their properties with them. We think the issue for determination by this court is whether

or not summary judgment was properly granted by the Trial Court on the record before it, which, on the material facts, is undisputed.

We say at the onset that defendants' complaints relative to the parties and capacities in which plaintiffs and defendants are cast are set to rest and resolved against them by the stipulation, supra, executed by the parties. Such stipulation further sets out that "some of the properties are in the names of individuals and corporations, but they are simply trustees of all the property * * * (which) belongs to either plaintiffs or defendants * * *."

A careful review of the record before us discloses substantially that which is set forth in plaintiffs' motion for summary judgment, to-wit: That prior to 18 March 1956, plaintiffs and defendants all constituted the membership of Northridge Presbyterian Church, Presbyterian Church, U.S.; that such church was under the jurisdiction of The Presbytery of Dallas, and subject to the Book of Church Order, Presbyterian Church, U.S. On *18 March 1956* the defendants seceded and withdrew from the Presbyterian Church, U.S., and The Presbytery of Dallas; on such date the minister resigned all affiliation with The Presbytery of Dallas and the Presbyterian Church, U.S; and defendants set themselves up as the Northridge Presbyterian Church, Unaffiliated. The remaining members continue to worship in a nearby school as the Northridge Presbyterian Church, U.S., and are recognized as the continuing Northridge Presbyterian Church, U.S., by The Presbytery of Dallas. The vote by which the defendant group seceded was *159 to 83*. The defendant group includes some 300 former members of the church before the split, while the plaintiff group includes some 200 members of the church before the split who refuse to split away. The Northridge Presbyterian Church, U.S., prior to 18 March 1956, was incorporated under the laws of Texas as the Northridge Presbyterian Church, Inc.

The basic question posed by the foregoing facts is whether a faction which secedes from a church organization is entitled to take with it the church property. We think the answer to this question is that where there has been a division in a congregation, those members who renounced their allegiance to the church lose any rights in the property involved, and the property and the use thereof belong to the members which remain loyal to the church. It is a question of identity.

In this case it is undisputed that defendants, who were formerly members of Northridge Presbyterian Church, Presbyterian Church, U.S., seceded from Presbyterian Church, U.S., and declared themselves independent. It is undisputed that prior to such action by defendants, the Northridge Presbyterian Church was affiliated with the Presbyterian Church, U.S. It is undisputed that plaintiffs remained loyal to Presbyterian Church, U.S., and that the governing body of such has declared plaintiffs to constitute the lawful congregation of Northridge Presbyterian Church, Presbyterian Church, U.S. Further, the Book of Church Order, Presbyterian Church, U.S., at paragraph 63, set forth that if a church be incorporated that all communing members shall be members of the corporation, and that the provisions of the Charter and By-laws must always be in accord with the standards of the Presbyterian Church, U.S.

Bramlett v. Young, 229 S.C. 519, 93 S.E. 2d 873, 883, decided by the Supreme Court of South Carolina, is a similar situation to the case at bar. In that case the majority of the membership in the Presbyterian Church seceded and dissociated themselves by their voluntary action from any connection with The Presbytery and the Presbyterian Church in the United States, and the court said, among other things, that:

"There can be no Presbyterian Church in the United States without an affiliation with a Presbytery. A

Presbyterian Church can be organized only by authority of a Presbytery. * * * The minority group, who are the respondents herein, have submitted themselves to the judicatories of the Presbyterian Church of the United States, and have been recognized by such as a duly organized church. They thereby have the identity necessary to make of them the McCarter Presbyterian Church. * * *

*"When a division occurs in a church congregation, which is always unfortunate, the question as to which faction is entitled to the church property is answered by determining which of the factions is the representative and successor to the church as it existed prior to the division or schism, and that is determined by which of the two factions adhere to or is sanctioned by the appropriate governing body of the denomination. It is a question of identity."*

In accord with the foregoing statement of the law applicable are: 45 Am.Jur. Sec. 66, pp. 775, 776; 36 Tex.Jur., Sec. 20, p. 865; Brown v. Clark, 102 Tex. 323, 116 S.W. 360, 24 L.R.A.,N.S., 670; Watson v. Jones, 13 Wall. 679, 80 U.S. 679, 20 L.Ed. 666.

. From the foregoing it follows that upon the undisputed facts, to-wit: the stipulation of the parties that either plaintiffs or defendants are entitled to the church properties; that defendants withdrew and seceded from the Presbyterian Church, U.S.; that plaintiffs remained faithful to the Presbyterian Church, U.S., acknowledge same, and are acknowledged by the appropriate authority of same as the continuing organization; we think that the Trial Court correctly entered summary judgment for plaintiffs. All of defendants' points and the contentions thereunder made are accordingly overruled and the judgment of the Trial Court is in all things affirmed.