**CHURCH OF GOD IN CHRIST, INC.,**
Plaintiff,

v.

**Reverend A. L. CAWTHON et al.,**
Defendants.

No. B–73–CA–34.

United States District Court,
E. D. Texas,
Beaumont Division.

Nov. 20, 1973.

Warner F. Brock, Gerald J. Goodwin, Houston, Tex., for plaintiff.

George Sladczyk, Jr., Port Arthur, Tex., for defendants.

## MEMORANDUM OPINION

JOE J. FISHER, Chief Judge.

This cause of action arose out of a dispute between two factions of the White Rose Church Of God In Christ (formally known as the First Church Of God In Christ), hereinafter called Local Church, of Port Arthur, Texas. Plaintiffs seek a permanent injunction to prevent the Defendants from exercising acts of possessory control over, or holding worship services in the church building without the consent of the Plaintiff or its lawful agent. Plaintiffs also seek by way of injunction to prevent Defendant's efforts to gain control of approximately $2,000.00 in the church's building fund and to prevent Defendant's alleged general interference with the activities of the Plaintiff at the Local Church.

Plaintiff, Church Of God In Christ, Inc., hereinafter called National Church, is a national religious denomination organized and incorporated under the laws of the State of Tennessee, on the 18th day of December, 1922. The property subject of this suit was first acquired by the First Church Of God In Christ, Port Arthur, Texas, by deed dated April 13, 1921.

On May 1, 1972, Presiding Bishop J. O. Patterson appointed Bishop R. E. Woodard as the Jurisdictional Bishop over the Texas Southeast District of the National Church, with the approval of the General Board, according to the Charter of the National Church. At that time, the Defendant, Rev. A. L. Cawthon was serving as Pastor of the Local Church.

Rev. Cawthon subsequently publicly refused to recognize the authority of Bishop Woodard over him or over the Local Church. This conflict existed until August 8, 1972, when pursuant to his authority granted by the National Church Charter, Bishop Woodard removed Rev. Cawthon from his position as Pastor of the Local Church. Bishop R. J. Darrett was then appointed by Bishop Woodard to be Pastor of the Local Church and for several weeks, Bishop Darrett conducted worship services at the Local Church without incident.

On October 27, 1972, Rev. Cawthon formed a non-profit Texas corporation named the White Rose Church Of God In Christ Of Port Arthur, Texas. On November 27, 1972, Rev. Cawthon, along with Adam Robinson and Eddie Roberts, listing themselves as trustees, executed a deed purporting to convey the Local Church property to the newly formed corporation. By letter of December 4, 1972, Rev. Cawthon's attorney gave formal notice to Bishop Woodard's attorney that Rev. Cawthon denounced all allegiance to the National Church. This led to several confrontations, at the Local Church property, between members of the factions led by Rev. Darrett and the faction led by Rev. Cawthon as to which group was the rightful group entitled to the use and enjoyment of the Local Church property.

The charter of the National Church has undergone several amendments since 1922, and the latest of these for our purposes was on April 13, 1972. This last amendment forms the basis of the Defendant's claim to this property. In the 1972 National Church Charter amendment, it was stated that a local church does not have full status in the Church Of God In Christ, Inc., until it has been issued a certificate of membership. The Defendants interpreted this section to mean that all local churches were completely expelled from, and are in no way affiliated with, the National Church, until and only until such time as the Local Church was issued a certificate of membership.

It should be noted that the provision in the 1972 Charter amendment does not read that a local church will not have *any* status in the National Church until the certificate is granted. (Emphasis added.) Rather, the provision reads: "3. No local Church shall have *full* status in the Church Of God In Christ. ʾ. . . ." until the certificate is granted. (Emphasis added.)

■ The logical interpretation of the provision is not that it was intended to abolish the affiliation of all past member local churches and start a complete new membership list. Instead, the provision is a mere protective device whereby the National Church will be able to exercise some control over which local churches will have a voice and a vote in the affairs of the National Church.

The General Secretary of the National Church, De Witt Burton, testified that the White Rose Church Of God In Christ had not yet received its certificate of membership due to the sheer volume of work necessary to issue certificates to all member local churches. No positive steps of any types were ever taken to affect the membership of the Local Church in the National Church.

It is undisputed that since 1922, up until 1972, no one had questioned the fact that the White Rose Church Of God In Christ was in fact a member of and subservient to the National Church. All objective and subjective criteria support this conclusion.

Thus, the attempt by the Defendants to convey legal title to the Local Church property away from the control of the Local Church to the new non-profit corporation White Rose Church Of God In Christ Of Port Arthur, Texas, by deed on file the 27th day of November, 1972, in Volume 1759, page 53 of the Deed Records of Jefferson County, Texas, was ineffective and void due to a lack of legal authority and capacity to convey the property. Rev. Cawthon was removed as Pastor on August 8, 1972, and after that date had no voice or control over the property of the Local Church.

According to the Charter of the National Church, no deed, conveyance, or mortgage of real estate of a local church is binding on the National Church without written approval of the Jurisdictional Bishop. The deed in this case had no such approval. This holding is in keeping with the decision rendered in the similar case of Browning v. Burton, 273 S.W.2d 131 (Tex.Civ.App.—Austin, 1954, writ ref'd n.r.e.)

■ Upon the August 8, 1972, removal of Rev. Cawthon as Pastor of the Local Church, Rev. Cawthon and his followers most assuredly had every right to withdraw from the National Church and begin an independent group, but when they did, they relinquished their rights in and to the Local Church property. The National Church Charter, which had governed the affairs of the Local Church for fifty years, specified that the trustees held title to the property for the use and benefit of the members of the church and that no conveyance of local church property is binding on the National Church unless Charter provisions are complied with.

■ The ability of this Court to determine questions concerning the rightful ownership of church property is a long established power. Watson v. Jones, 80 U.S. 679, 20 L.Ed. 666 (1871). Further, it is within the power of this

Court to enjoin the improper use of church property in a situation such as the one at bar. Cleaver v. Conference Of African Union First Colored Methodist Protestant Church, 99 U.S.App.D.C. 371, 240 F.2d 57 (1956).

Considering the law and the facts of this case, it is the opinion of this Court that the Plaintiff is entitled to the relief sought. Counsel for Plaintiff is directed to prepare an order permanently enjoining the Defendants from interfering with the right of the Plaintiff to possess and enjoy property belonging to the White Rose Church Of God In Christ.