**TEMPLO EBENEZER, INC., Appellant,**

v.

**EVANGELICAL ASSEMBLIES, INC., Appellee.**

**No. 07–87–0186–CV.**

Court of Appeals of Texas, Amarillo.

June 7, 1988.

Kevin L. Williams (Baker, Field, Clifford, Krier & Webb, Inc.), Lubbock, for appellant.

Ralph H. Brock, Lubbock, for appellee.

Before REYNOLDS, C.J., and COUNTISS and BOYD, JJ.

COUNTISS, Justice.

Appellant Templo Ebenezer, Inc. sued appellee Evangelical Assemblies, Inc. in a trespass to try title suit to determine own-

ership of a church. Evangelical Assemblies responded with a petition for declaratory relief and counterclaimed, seeking confirmation of their title to the property. The trial court granted summary judgment on all issues to Evangelical Assemblies and Templo Ebenezer challenges that judgment by one point of error in this Court, contending Evangelical Assemblies failed to prove that there were no genuine issues of material fact. We affirm.

In 1970, a local church congregation in Lubbock, known as La Hermosa, was affiliated with Evangelical Assemblies. In February of that year, Evangelical Assemblies entered into a contract to purchase the property in question as a meeting house for La Hermosa. Under Evangelical Assemblies' constitution, a local congregation is required to pay its own way, but Evangelical Assemblies holds title to church property "in a representative capacity." Thus, La Hermosa members paid for the property and maintained it, but when the property was paid for, it was deeded to Evangelical Assemblies.

In 1983, an uprising occurred and La Hermosa members voted to disassociate themselves from Evangelical Assemblies and associate themselves with Templo Ebenezer. After they did so, Templo Ebenezer began this litigation to obtain title to the property in question.

Both sides moved for summary judgment. Ultimately, the trial court denied Templo Ebenezer's motion, granted Evangelical Assemblies' motion, and confirmed title in Evangelical Assemblies. The only question before us, raised by Templo Ebenezer's single point of error, is whether Evangelical Assemblies conclusively proved its right to summary judgment. More specifically, the question is whether the facts establish, as a matter of law, that Evangelical Assemblies is a general church organization of which the local congregation, La Hermosa, was a subordinate member, governed by Evangelical Assemblies' laws and regulations. If so, by civil law and church law, as summarized below, only members loyal to Evangelical Assemblies may possess the church property.

The dispute must be resolved within settled summary judgment principles. A movant earns a summary judgment by establishing (1) the absence of genuine issues of material fact and (2) the right to judgment under those undisputed material facts, as a matter of law, on grounds expressly stated in the motion. Tex.R.Civ.Pro. 166–A(c); *Delgado v. Burns,* 656 S.W.2d 428, 429 (Tex.1983); *Whiddon v. Metni,* 650 S.W.2d 904, 905 (Tex.App.—Dallas 1983, writ ref'd n.r.e.). The movant, against whom all doubts are resolved, has the burden of establishing both elements. *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 678 (Tex.1979). The evidence must be viewed in a light most favorable to the non-movant, conflicts in the evidence are ignored, and the evidence which tends to support the position of the non-movant is accepted as true. *Great American R. Ins. Co. v. San Antonio Pl. Sup. Co.,* 391 S.W.2d 41, 47 (Tex.1965).

The substantive principles that guide our decision are equally well settled. As pertinent here, there are two types of church organizations. The first type is where a local congregation is a subordinate member of some higher ecclesiastical tribunal that controls the entire membership. This is the hierarchical church. The local congregation is bound by the constitution and rules of the parent body. The second type is where a local congregation is independent of any other ecclesiastical association and owes no obligation to any higher authority. It totally controls its own destiny. This is the congregational church. *Presbytery of the Covenant v. 1st Pres. Church of Paris,* 552 S.W.2d 865, 870 (Tex.Civ.App.—Texarkana 1977, no writ). Because the division is not always clear, courts have looked to various factors to determine which type of church organization is present.

■ Factors indicating that a church is a hierarchical church include the following: (1) affiliation of the local church with a parent church; *Norton v. Green,* 304 S.W.2d 420, 424 (Tex.Civ.App.—Waco 1957, writ ref'd n.r.e.); (2) an ascending order of ecclesiastical judicatories in which the

government of the local church is subject to review and control by higher authorities; *Schismatic and Purported Casa Linda Presbyterian Church in America v. Grace Union Presbytery, Inc.,* 710 S.W.2d 700, 702 (Tex.App.—Dallas 1986, writ ref'd n.r. e.), *cert. denied sub nom. Casa Linda Presbyterian Church in America v. Grace Union Presbytery, Inc.,* —— U.S. ——, 108 S.Ct. 85, 98 L.Ed.2d 46, *reh'g denied,* 108 S.Ct. 469, 98 L.Ed.2d 408 (1987); (3) subjugation of the local church to the jurisdiction of a parent church or to a constitution promulgated by the parent church; *Norton v. Green, supra* at 424; *Browning v. Burton,* 273 S.W.2d 131, 133–34 (Tex.Civ.App. —Austin 1954, writ ref'd n.r.e.); (4) a charter from the parent church governing the affairs of the local church and specifying ownership of local church property; *Church of God in Christ, Inc. v. Cawthon,* 366 F.Supp. 1066, 1068 (E.D.Tex.1973), *aff'd,* 507 F.2d 599 (5th Cir.1975); (5) the repository of legal title; *Brown v. Clark,* 102 Tex. 323, 116 S.W. 360, 364 (1909); and (6) the licensing or ordination of local ministers by the parent church. *Schismatic and Purported Casa Linda Presbyterian Church in America v. Grace Union Presbytery, Inc., supra.*

 When the foregoing factors are applied here, the result is obvious. The constitution of Evangelical Assemblies, with which La Hermosa was affiliated and by which it was guided before the revolt, establishes in every respect a hierarchical church organization. For example, as pertinent here, the constitution establishes an ascending order of government, ownership in the parent church of local property and licensing by the parent church of local ministers. Without describing all of the elements reflected in the record, it is sufficient to say that we are satisfied Evangelical Assemblies conclusively established its hierarchical status.

Accordingly, as the parent church, Evangelical Assemblies owns and is entitled to possession of the property under the mutually binding constitution. Templo Ebenezer, as the representative of a dissenting group, has no rights in the church property and its ouster by the trial court was correct.

Templo Ebenezer argues that there is still an unresolved factual dispute over the hierarchical or congregational status of Evangelical Assemblies and La Hermosa. Templo Ebenezer points to affidavits in which former La Hermosa members discuss the extent of local control and decision-making exercised by the local congregation. We find nothing in those affidavits inconsistent with Evangelical Assemblies constitution. In fact, from the record before us, La Hermosa was behaving, before the problems with Evangelical Assemblies, exactly as a local church would be expected to behave in a heirarchical organization. Point of error one is overruled.

The judgment is affirmed.