**Lonnie L. WHIDDON, M.D., Appellant,**

v.

**Fouad N. METNI, M.D. and Dallas Cardiovascular Surgery Associates, Appellees.**

No. 05–82–00389–CV.

Court of Appeals of Texas, Dallas.

April 6, 1983.

Rehearing Denied May 19, 1983.

Paul H. Brumley, DeSoto, for appellant.

E. Thomas Bishop, Thomas C. Unis, Dallas, for appellees.

Before STEPHENS, SPARLING and VANCE, JJ.

STEPHENS, Justice.

Dr. Whiddon appeals from an order of the trial court granting appellees' motion for summary judgment. The issue presented is whether the non-movant has the burden of presenting, in response to a motion for summary judgment, a theory of recovery contained in his petition but not addressed by appellees' motion. We conclude he does not; therefore, we reverse and remand.

The appellant, Dr. Lonnie Whiddon, had associated himself with Dr. Metni and Dallas Cardiovascular Surgery Associates for the purpose of pursuing a medical practice. No written contract was consummated by the parties. The relationship terminated after more than thirteen months, and Dr. Whiddon then filed the present suit. Two alternative theories of recovery were alleged: that "some understanding" had been reached providing for "some division" of Dr. Whiddon's gross income between Dr. Metni and himself; and, alternatively, that an express oral agreement had been reached between the parties whereby Dr. Whiddon would receive $50,000 per year as a draw against his gross income, plus $12,500 per year to be placed in a pension plan, plus 50% of the income he generated over and above reasonable expenses.

The defendants filed a motion for summary judgment which was based upon two

grounds. First, the plaintiff's alleged "understanding" did not amount to a contract and afforded no basis for any division of income. Second, the oral contract alleged fell within the Statute of Frauds and was therefore void. Nine days before the hearing on this motion, Whiddon filed a Second Amended Original Petition in which he alleged a third alternative theory of recovery, i.e., that he was entitled to the value of his services in quantum meruit if his oral contract was rendered unenforceable by operation of the Statute of Frauds. Two days later, Whiddon also filed his response to the defendants' motion. The response addressed only the Statute of Frauds defense.

The record reflects that, after a hearing, the trial judge granted the defendants' motion and rendered a take nothing judgment against the plaintiff, Dr. Whiddon. The effect of this judgment was to deny Dr. Whiddon's claim under quantum meruit, despite the fact that this question had not been presented in writing to the court for consideration at the hearing by either party.

In his sole point of error, the appellant contends that the appellees were not entitled to summary judgment as a matter of law. Our analysis examines this contention as it applies to each of the appellant's three alternative theories of recovery.

The appellant has not argued, either at the summary judgment hearing or on appeal, that the appellees' motion was legally insufficient as to the "some understanding" theory of recovery. Therefore, the judgment is sustained as to that claim. *See Guion v. Guion,* 475 S.W.2d 865 (Tex.Civ. App.—Dallas 1971, writ ref'd n.r.e.) (judgment sustained on factual grounds not argued or briefed); *see also Malooly Brothers, Inc. v. Napier,* 461 S.W.2d 119 (Tex.1970). Appellant's second theory of recovery, that there was an express oral contract, was likewise abandoned during oral argument. Therefore, the judgment is also sustained as to that claim.

We now reach the crux of this appeal, i.e., whether the trial court properly granted summary judgment to the appellees on the appellant's claim under quantum meruit. For the reasons stated below, we conclude that it did not.

Appellees rely heavily on the 1978 amendment to Tex.R.Civ.P. 166–A(c), which states in part: "Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal." They contend that, because appellant's quantum meruit "issue" was not before the trial court at the time appellee's motion was filed, the appellant was obligated to present his quantum meruit claim to the court in his response to appellee's motion before it could be considered on appeal as grounds to reverse the summary judgment. We disagree. Although appellees have discovered an ambiguity latent in the language of rule 166–A(c), we believe that it is clear that "issues" refers to material factual issues, whether negated by the movant or controverted by the non-movant. *Combs v. Fantastic Homes, Inc.,* 584 S.W.2d 340 (Tex.Civ. App.—Dallas), *writ ref'd n.r.e. per curiam,* 596 S.W.2d 502 (Tex.1979). The Supreme Court has held that a non-movant "is not entitled to defeat the summary judgment by raising a *fact* issue for the first time on appeal which was not expressly presented to the trial court...." [Emphasis added.] *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 679 (Tex.1979).

■ Appellees' position would shift the burden of proof that exists in summary judgment proceedings, contrary to the Supreme Court's holding in *Clear Creek.* The trial court may not grant a summary judgment by default for lack of an answer or response to the motion by the non-movant when the movant's summary judgment proof is legally insufficient. *Clear Creek,* 589 S.W.2d at 678. The moving party has the burden of expressly setting out in his motion the issues on which he seeks a summary judgment. *Stiver v. Texas Instruments, Inc.,* 615 S.W.2d 839, 843 (Tex.Civ. App.—Houston [1st Dist.] 1981); *see also Clear Creek,* 589 S.W.2d at 678; *Swilley v. Hughes,* 488 S.W.2d 64, 67 (Tex.1972). The

fact that the appellant added an alternative theory of recovery after the appellees' motion for summary judgment had been originally filed cannot shift the movant's burden.

The function of the summary judgment is not to deprive a litigant of his right to trial by jury, but to eliminate patently unmeritorious claims and untenable defenses. *Clear Creek,* 589 S.W.2d at 678, n. 5, citing *Gulbenkian v. Penn,* 151 Tex. 412, 252 S.W.2d 929, 931 (1952). We hold that the trial court properly granted what was in effect a partial summary judgment as to those claims specifically addressed by the movant. Appellees' motion was, by necessity, legally insufficient to merit summary judgment on a theory of recovery not addressed in the motion. To the extent that dictum in *Tatum v. Tatum,* 606 S.W.2d 31, 33 (Tex.Civ.App.—Corpus Christi 1980, no writ) is inconsistent with this opinion, we find it unpersuasive.

The appellee's motion for summary judgment being legally insufficient to dispose of the case, the judgment of the trial court is reversed.