**W. Floyd CLARK and Edith Clark, Appellants,**

**v.**

**FIRST NATIONAL BANK OF HIGHLANDS, Appellee.**

**No. 01–89–00833–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 23, 1990.

Chris E. Ryman, Nancy J. Hesse–Harmen, Houston, for appellants.

Sally A. Jones, Donna S. Heinlein, Houston, for appellee.

Before EVANS, C.J., and MIRABAL and DUGGAN, JJ.

DUGGAN, Justice.

This is an appeal from a take-nothing summary judgment in a debtors' suit

against a bank for wrongful retention of collateral following the debtors' default on the underlying promissory note.

On December 17, 1986, appellants, W. Floyd Clark and Edith Clark ("the Clarks"), executed and delivered a real estate lien note (the "original note") payable to appellee, First National Bank of Highlands ("the Bank"), in the principal amount of $300,-000. The original note was secured by a second note (the "collateral note") payable to the Clarks, in an original principal amount of $655,000. By its terms, the original note's principal and interest were due six months from the date of execution; neither principal nor interest was paid on maturity, June 16, 1987. On June 17, 1987, Edwin P. Palmer, then president of the Bank, sent the Clarks a letter demanding payment of the principal and accrued interest. The Clarks made no payment as a result of this letter. The Bank sent the Clarks a second demand letter on September 11, 1987; again, no part of the debt was paid.

On October 9, 1987, the Bank's attorney sent the Clarks a letter indicating that the Bank proposed, pursuant to TEX.BUS. & COM.CODE ANN. § 9.505(b) (Vernon Supp. 1990),[1] to retain the collateral in satisfaction of the obligation, and that the Clarks had 30 days to dispute the validity of the debt. The Clarks paid no part of the debt as a result of this letter, and made no written objection or reply.

On November 6, 1987, James Browder, the agent for the Clarks, asked Palmer for more time to pay the debt. Browder told Palmer that he was in the process of securing a loan on the collateral held by the Bank, that the papers were at the attorney's office, and that the Clarks would have the Bank paid off in a few days. The Clarks contend that Palmer told Browder he would give the Clarks more time to pay the debt, if Browder furnished Palmer confirmation that the loan was in the process of being made. According to the Bank, Palmer told Browder he would give him more time to pay the debt if Browder got him a loan commitment letter in the few days remaining prior to the time the Bank took ownership of the note. The Bank contends that it foreclosed on and became the owner of the collateral on October 30, 1987 (21 days after its notice letter), and Palmer stated that the Bank considered itself the owner of the collateral on November 8 or 9, 1987 (30 days after the notice letter).

On December 3 or 4, 1987, Browder brought Palmer a commitment letter from Spring National Bank, promising to make a loan for $310,000 under specified conditions, collateralized by the collateral note held by the Bank and by an earnest money contract. Palmer told Browder that it was too late because the Bank had already taken possession of the collateral. The Clarks had sent no written notice of their objection to the Bank's proposed retention of the collateral in satisfaction of the debt within the 30 days after the Bank's notice letter, and in fact sent none until January 8, 1988. The Bank is still the holder of the collateral.[2]

■ The Clarks' third point of error is dispositive of the appeal, and we therefore

---

1. Section 9.505(b) provides, in pertinent part: [A] secured party in possession may, after default, propose to retain the collateral in satisfaction of the obligation. Written notice of such proposal shall be sent to the debtor.... If the secured party receives objection in writing from a person entitled to receive notification within twenty-one days after the notice was sent, the secured party must dispose of the collateral under Section 9.504. In the absence of such written objection the secured party may retain the collateral in satisfaction of the debtor's obligation.

2. Between November 4, 1987 and December 17, 1987, the Bank conducted discussions and nego-

tiations to sell the collateral to the Fulfords, the original makers of the note/collateral. Mrs. Fulford contacted Palmer on November 4, 1987, and asked if the Bank would allow her to buy the note at a discount if the Bank took possession. Palmer told her that it was too soon to discuss selling the collateral. The Bank's loan committee and Palmer discussed the possibility of selling the collateral at a discount to the Fulfords for $509,000. The Bank received a written offer from the Fulfords on November 14 or 15, 1987, to purchase the collateral for $400,-000. On December 17, 1987, the Bank decided to make a counter-offer to the Fulfords for $510,000, which the Fulfords accepted. The

consider it first. In this point, the Clarks assert that the trial court erred in granting a final summary judgment in favor of the Bank because the Bank did not prove that it was entitled to a summary judgment on the Clarks' causes of action for usury, negligence, fraud, promissory estoppel, or prima facie tort.

In their original petition, the Clarks requested declaratory relief and alleged causes of action for: (1) breach of contract; (2) breach of duty of good faith; (3) wrongful foreclosure; (4) conversion; (5) violations of the Texas Business and Commerce Code; and (6) breach of fiduciary duty. The Bank filed a motion for summary judgment that negated at least one element of each of these alleged causes of action. The Clarks filed their response, and the Bank filed a reply to the Clarks' response.

After the Bank filed its motion for summary judgment, the Clarks timely amended their original petition twice, each time asserting additional causes of action against the Bank, including: (1) fraud and promissory estoppel; (2) negligence; (3) usury; and (4) prima facie tort. As an amendment or supplement to its motion for summary judgment, the Bank filed its "Defendant's Response to Plaintiffs' Responses to Defendant's Motion for Summary Judgment." In that pleading, the only reference made to the four additional causes of action asserted in the Clarks' second amended petition is the following:

> Plaintiffs have added new allegations of "prima facie tort," "fraud and promissory estoppel," "negligence" and "usury." Each of these claims has no merit. Defendant merely exercised its rights under Texas law and under the contract between the parties.

> With regard to item number 11, which bears on Plaintiffs' usury claim, the deposition reveals not that interest was charged which was not earned, and not that the note was not in default when the

letter was sent, but only that the Defendant did not usually send a demand letter until a note was three months past due. The letter, attached as Exhibit D, to Plaintiffs' Second Amended Petition, properly requests the interest then due on the $300,000.00 note. There is no usury in this case.

The Clarks' second amended petition was timely filed, and was before the trial court as the Clarks' live pleading at the hearing on the motion for summary judgment. The trial court granted summary judgment in favor of the Bank and entered a take-nothing final judgment against the Clarks.

Texas Rule of Civil Procedure 166a(c) provides, in pertinent part, that judgment may be rendered if the summary judgment evidence on file at the time of the hearing shows that there is "no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law on the issues expressly set out in the motion." All theories in support of a summary judgment, as well as all opposing issues, must be presented in writing to the court at the summary judgment hearing. *Casso v. Brand,* 776 S.W.2d 551, 553 (Tex.1989). As the supreme court has stated, "[i]t is axiomatic that one may not be granted judgment as a matter of law on a cause of action not addressed in a summary judgment proceeding." *Chessher v. Southwestern Bell Tel. Co.,* 658 S.W.2d 563, 564 (Tex.1983).

■ The fact that the Clarks amended their petition and added new causes of action after the Bank filed its motion for summary judgment does *not* change the Bank's burden to establish its entitlement to summary judgment as a matter of law on each cause of action alleged. *Whiddon v. Metni,* 650 S.W.2d 904, 905–906 (Tex. App.—Dallas 1983, writ ref'd n.r.e.). In *Whiddon,* the plaintiff filed its second amended petition, asserting a third ground of recovery after the defendant had filed

Bank and the Fulfords thereafter postponed the sale of the collateral to the Fulfords because of

this lawsuit; "everything was called off."

its motion for summary judgment on the two causes of action originally pleaded by the plaintiff. In reversing the take-nothing summary judgment granted by the trial court, the court of appeals, stated: "The function of the summary judgment is not to deprive a litigant of his right to trial by jury, but to eliminate patently unmeritorious claims and untenable defenses.... [Defendant's] motion was, by necessity, legally insufficient to merit summary judgment on a theory of recovery not addressed in the motion." *Id.* at 906 (citations omitted).

■ Because the Clarks' pleadings, including their second amended petition, alleged multiple causes of action, the Bank was required to show conclusively, in order to secure a summary judgment on the entire case, that no fact issue existed as to at least one essential element of *each* of the Clarks' causes of action. *See Christensen v. Sherwood Ins. Serv.*, 758 S.W.2d 801, 803 (Tex.App.—Texarkana 1988, writ denied); *Mary Kay Cosmetics, Inc. v. North River Ins. Co.*, 739 S.W.2d 608, 609 (Tex.App.—Dallas 1987, no writ). The Bank's conclusory assertion, without more, that each of the Clarks' additional causes of action "has no merit," and that it "merely exercised its rights under Texas law and under the contract between the parties," does not constitute summary judgment evidence sufficient to entitle the Bank to a complete and final judgment on the Clarks' entire case. *See Marino v. State Farm Fire & Casualty Ins. Co.*, 774 S.W.2d 107, 110 (Tex.App.—Fort Worth 1989), *rev'd on other grounds*, 787 S.W.2d 948 (Tex.1990).

An appellate court cannot "read between the lines, infer or glean from the pleadings or the proof" any grounds for granting the summary judgment other than those grounds expressly set forth before the trial court. *Great–Ness Professional Serv., Inc. v. First Nat'l Bank of Louisville*, 704 S.W.2d 916, 918 (Tex.App.—Houston [14th Dist.] 1986, no writ). For these reasons, the Bank was not entitled to summary judgment.

The Clarks' third point of error is sustained.

The judgment of the trial court is reversed, and the cause is remanded.