Robert JOHNSON, Appellant,

v.

Errol ROLLEN, Appellee.

No. 01–90–00711–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Oct. 17, 1991.

Terry P. Ayre, Houston, for appellant.

Patricia Lehtola, Gail Archer, Elizabeth M. Guffy, Houston, for appellee.

Before DUGGAN, O'CONNOR and MIRABAL, JJ.

## OPINION

MIRABAL, Justice.

Appellant, Robert Johnson (the Debtor), appeals a take-nothing summary judgment rendered in favor of appellee, Errol Rollen (Rollen), senior vice-president for InterFirst Bank Nassau Bay, N.A. (InterFirst). We reverse and remand.

The Debtor obtained a loan on May 15, 1984, to purchase property. He intended to build on the property to expand the lawn mower sales and service business he started in February 1984. InterFirst financed the purchase of the land for $112,500. The Debtor defaulted on the note, and Inter-First instituted foreclosure proceedings. On September 26, 1985, the Debtor filed suit seeking an injunction and damages.

The Debtor's suit alleged that, at the time he obtained the property loan, Inter-First, and specifically Rollen, represented to him that a construction loan would also be approved, as soon as he brought in the plans and cost estimates. However, when the plans and estimates were supplied, Rollen told the Debtor the construction loan would not be approved unless the entire piece of property was developed for commercial use. The Debtor obtained and submitted such plans, and Rollen approved them. The Debtor alleged Rollen then told him he had to make interest payments on the property for a year before any construction funds would be loaned to him.

The Debtor, unable to build a building into which he could move his growing business, was allegedly unable to accommodate more business. As a result, he could not meet his existing financial commitments and the land payment. He alleged he was forced, instead, to go out of business, had his credit rating ruined, and was on the verge of bankruptcy.

After the Debtor filed suit, InterFirst merged with RepublicBank, creating First RepublicBank Houston, N.A. (First Republic). On July 29, 1988, First Republic was declared insolvent and the Federal Deposit Insurance Corporation (FDIC) was appointed receiver. FDIC established a bridge bank, and assigned to it the assets and liabilities of First Republic. The bridge bank was sold to NCNB Corporation, establishing NCNB Texas National Bank. The suit was removed to federal court, where a summary judgment was granted in favor of the banking entities on the basis of the *D'Oench, Duhme*[1] doctrine and 12 U.S.C. § 1823(e) (Law.Co-op.1985 & Supp. 1991). The case was then remanded to state court for determination of the causes of action against Rollen and one other individual defendant who was later non-suited.

Rollen filed a motion for summary judgment on January 11, 1990. The Debtor filed a response to the motion for summary judgment and an amended petition on January 29, 1990, less than seven days before the summary judgment hearing of February 5. The amended petition continued the Debtor's allegations of malicious, fraudulent misrepresentations by Rollen. However, he also *added* claims for (1) breach of the implied duty of good faith in a commercial transaction, (2) breach of a fiduciary duty, and (3) intentional or negligent infliction of emotional distress. Rollen filed a motion to strike on February 1, 1990, alleging the amended petition violated the deadline set in a docket control order for the filing of amended pleadings, the petition sought to add entirely new causes of action years after the original suit was filed, attempted to reassert claims against the dis-

solved entity of InterFirst, and surprised Rollen less than seven days before trial. It appears the trial court did not rule on the motion to strike because there is no signed order in the record, and neither party has indicated the trial court ruled on the motion. The trial court granted summary judgment on February 5, 1990.

In his first point of error, the Debtor asserts the trial court erred in granting the summary judgment because the motion is legally insufficient and there are genuine issues of material fact in dispute.

 The standard for appellate review of a summary judgment for a defendant is whether the summary judgment proof establishes, as a matter of law, that there is no genuine issue of material fact as to one or more of the essential elements of each of the plaintiff's causes of action. *Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828 (Tex.1970). The movant has the burden to show that there is no genuine issue of material fact, and that it is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). A summary judgment for the defendant, disposing of the entire case, is proper only if, as a matter of law, the plaintiff could not succeed upon any theories pleaded. *Delgado v. Burns*, 656 S.W.2d 428, 429 (Tex.1983).

In the present case, the summary judgment, on its face, appears to be a final summary judgment order. However, the motion for summary judgment did not address the amended petition's allegations of breach of the implied duty of commercial good faith, breach of fiduciary duty, or intentional or negligent infliction of emotional distress. The threshold question to be addressed, therefore, is whether the amended petition was before the trial court at the time of the summary judgment hearing.

 Where the record provides no basis to conclude the amended pleading was *not* considered by the trial court, and there is

---

**1.** *D'Oench, Duhme & Co. v. FDIC*, 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956 (1942), prevents those giving notes to a federally insured bank from

raising claims against the FDIC and its successors based on "secret" agreements with officers of the failed bank.

not a sufficient showing of surprise or prejudice on the part of the opposing party, leave of court to file the amended petition is presumed. *Goswami v. Metropolitan Sav. and Loan,* 751 S.W.2d 487, 490 (Tex. 1988). We hold this rule applies even if the amended pleading is filed after a deadline imposed by a docket control order.

In this case, Rollen filed a motion to strike the late-filed amended petition, but he did not obtain a ruling on the motion. We, therefore, presume leave of court to file the amended petition.

 The amended petition contains allegations of causes of action not addressed in the motion for summary judgment. A summary judgment may not be granted, as a matter of law, on a cause of action not addressed in the summary judgment proceeding. *Chessher v. Southwestern Bell Tel. Co.,* 658 S.W.2d 563, 564 (Tex.1983); *Clark v. First Nat'l Bank of Highlands,* 794 S.W.2d 953, 955 (Tex.App.—Houston [1st Dist.] 1990, no writ). The fact that the Debtor amended his petition and added new causes of action after Rollen filed his motion for summary judgment does not change Rollen's burden to establish his entitlement to summary judgment as a matter of law on each alleged cause of action. *Clark,* 794 S.W.2d at 955; *Whiddon v. Metni,* 650 S.W.2d 904, 905–906 (Tex. App.—Dallas 1983, writ ref'd n.r.e.).

 We hold there are unresolved genuine issues of material fact, and, therefore, the trial court erred in granting Rollen's motion for summary judgment. Accordingly, we sustain point of error one.

In view of our sustaining point of error one, it is unnecessary to discuss point of error two, and we decline to do so.

We reverse the judgment, and remand the case to the trial court.