Sherian BROUSSARD, et al, Appellants,

v.

TYLER COUNTY HOSPITAL, Appellee.

No. 09–91–156 CV.

Court of Appeals of Texas,
Beaumont.

June 4, 1992.

Lonnie B. Davis, Hemphill, for appellants.

Peter R. Meeker, Alexis Fuller, Jr., Davis & Davis, Austin, for appellee.

Before WALKER, C.J., and BROOKSHIRE and BURGESS, JJ.

## OPINION

WALKER, Chief Justice.

The original opinion in this cause dated May 28, 1992, is withdrawn and this opinion is substituted in its place.

Appellants, Sherian Broussard, Jessie Mae Terrell, Robert L. Anderson, Ross West, Sr., Wallace Terrell, Joe Anderson, John F. Walker, Alton Terrell, Gloria Terrell, Alicia Terrell, and Kenneth Williams appeal from a summary judgment rendered in favor of Tyler County Hospital, appellee. While appellants bring seven points of error before the Court, point of error number three will be dispositive of the case before us. Point of error three alleges that the trial court erred in granting summary judgment in that the appellee failed to address allegations contained in plaintiffs' second amended original petition which was filed after appellee filed his motion for summary judgment.

Appellants filed this action against Tyler County Hospital, appellee, a hospital authority created pursuant to legislative act TEX.REV.CIV.STAT.ANN. art. 4494q (Vernon 1976). Appellee is liable in tort only to the extent that its sovereign immunity is waived by the *Texas Tort Claims Act.* TEX.CIV.PRAC. & REM. CODE ANN. § 101.021 (Vernon 1985). This action arises from the death of Jack Walker on February 13, 1988, after being taken to the Emergency Room of Tyler County Hospital. He was examined and a history was taken. Vital signs were measured, an intravenous injection was given, blood samples, a chest x-ray and an EKG was taken. He was also connected to a cardiac monitor. He was observed for several hours and then released from the emergency room. He was then taken to his mother's house where he died later that evening from a perforated ulcer and

**586**

peritonitis. Summary judgment for the hospital was granted and signed by the trial court below on February 25, 1991.

At the time summary judgment was granted by the trial court, the live pleadings consisted of plaintiffs' second amended original petition and defendant's original answer. Various allegations in plaintiffs' second amended original petition include the negligent use or misuse of tangible property by the hospital by hemolyzing Mr. Walker's blood specimen, by recording a erroneous blood pressure of zero for Mr. Walker at the time of admission, by failing to take Mr. Walker's blood pressure at the time of admission, by failing to obtain and test a non-hemolyzed blood specimen, and by failing to properly monitor fluid therapy administration. These allegations were unanswered by the appellee in any pleadings or affidavits.

■ We recognize the general proposition that if the movant for a summary judgment asserts all of the elements of an affirmative defense, for example the statute of limitations or as in this case, sovereign immunity, it becomes incumbent upon the non-movant to answer that affirmative defense for summary judgment purposes through pleadings or affidavits. *See Montgomery v. Kennedy*, 669 S.W.2d 309, 314 (Tex.1984); *Palmer v. Enserch Corporation*, 728 S.W.2d 431, 435 (Tex.App.—Austin 1987, writ ref'd n.r.e.). In *Palmer* the statute of limitations was asserted as an affirmative defense as in *Gonzales v. City of Harlingen*, 814 S.W.2d 109, 112 (Tex. App.—Corpus Christi 1991, writ denied); *Tucker v. Atlantic Richfield Co.*, 787 S.W.2d 555, 558 (Tex.App.—Corpus Christi 1990, writ denied) (statute of frauds also asserted as an affirmative defense); *Cummings v. HCA Health Services of Texas Inc.*, 799 S.W.2d 403, 405 (Tex.App.—Houston [14th Dist.] 1990, no writ); and *Hartsough v. Steinberg*, 737 S.W.2d 408, 412 (Tex.App.—Dallas 1987, writ denied). We take note of the fact that in *Cummings* and *Tucker* after summary judgment had been granted in the trial court because affirmative defenses were asserted, the ap-

pellate courts reversed the trial court because the non-movant had rebutted same by summary judgment proof.

■ As in the case before us, the Texas Tort Claims Act[1] can be the basis of an affirmative defense. *See Mitchell v. Shepperd Memorial Hospital*, 797 S.W.2d 144, 147 (Tex.App.—Austin 1990, writ denied); *Armendarez v. Tarrant County Hospital District*, 781 S.W.2d 301, 307 (Tex.App.—Fort Worth 1989, writ denied) (summary judgment for hospital reversed); and *Stimpson v. Plano Independant School District*, 743 S.W.2d 944, 945 (Tex.App.—Dallas 1987, writ denied) (summary judgment for school district conceded, summary judgment for superintendent and principal being immune reversed).

■ It is axiomatic that the movant for summary judgment must establish all essential elements of his case conclusively as a matter of law in view of all doubts of material fact being resolved against the movant, that the court must view evidence in the light most favorable to the non-movant, and further that all reasonable inferences must be indulged in favor of the non-movant. *See Black v. Victoria Lloyds Insurance Company*, 797 S.W.2d 20, 27 (Tex.1990); *Cate v. Dover Corporation*, 790 S.W.2d 559, 562 (Tex.1990); *Acker v. Texas Water Commission*, 790 S.W.2d 299, 301 (Tex.1990); and *Continental Casing Corporation v. Samaden Oil Corporation*, 751 S.W.2d 499, 501 (Tex.1988).

■ The fact that the plaintiffs (appellants) filed their second amended original petition subsequent to the defendant having filed his motion for summary judgment did not change the defendant's burden to establish his entitlement to summary judgment as a matter of law on all issues raised by the pleadings. *See Johnson v. Rollen*, 818 S.W.2d 180, 183 (Tex.App.—Houston [1st Dist.] 1991, no writ); and *Clark v. First National Bank of Highlands*, 794 S.W.2d 953, 955 (Tex.App.—Houston [1st Dist.] 1990, no writ).

---

1. TEX.CIV.PRAC. & REM. CODE ANN. § 101.051 (Vernon 1985).

We hold that even though appellee has demonstrated an affirmative defense under the Texas Tort Claims Act, he has failed to answer all the allegations contained in appellants' second amended original petition. Appellee has failed to show that as a matter of law no fact issue exists and that he is entitled to summary judgment. *See Black, supra* at 27, and *Whiddon v. Metni,* 650 S.W.2d 904, 905 (Tex. App.—Dallas 1983, writ ref'd n.r.e.).

We reverse the judgment of the trial court and we remand this cause for further proceedings.

REVERSED AND REMANDED.