**M.H. INC., Appellant,**

v.

**GUIDRY, EAST, BARNES & BONO, INC., Appellee.**

**No. C14–91–00789–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

July 2, 1992.

Penny P. Bell, Houston, for appellant.

James J. Ormiston, Houston, for appellee.

Before JUNELL, ROBERTSON and DRAUGHN, JJ.

## OPINION

JUNELL, Justice.

Appellant, M.H. Inc., plaintiff in the court below, appeals from a summary judg-

ment in favor of appellee, Guidry, East, Barnes & Bono, Inc., defendant in the court below. In four points of error appellant contends the trial court erred in rendering the summary judgment. The trial court's summary judgment is reversed.

Both parties to this dispute are engaged in the business of personnel placement. M.H. Inc., a Nebraska corporation owned by Mary Miller, is located in Omaha, Nebraska. Appellee (hereafter referred to as Guidry) operates in the Harris County Texas area. Mr. Greg Barnes is managing associate of Guidry.

In its original petition appellant sought $7,050 in damages for breach of contract and, alternatively, in quantum meruit. The original petition did not allege that the contract was written or oral. The allegation was that in August of 1989 Guidry, through Barnes, agreed to pay appellant one-half of any placement fee received by Guidry for placement of any candidate referred to Guidry by the appellant. The petition also contained the following allegations: 1) in reliance on the agreement appellant referred a physical therapist candidate to Guidry; 2) Guidry referred that person to a prospective employer who hired him; 3) Guidry received a placement fee from the employer; and 4) as a result Guidry was indebted to appellant in the amount of $7,050.

The original petition also contained a quantum meruit cause of action for services rendered by appellant to Guidry which Guidry accepted, which were beneficial to Guidry, and for which Guidry knew appellant reasonably expected to be paid, and the reasonable value of the services was $7,050.

Guidry's motion for summary judgment, filed on June 28, 1991, was based on the contention that there was no contract between appellant and Guidry. The motion for summary judgment and Guidry's summary judgment proof focused exclusively on a letter dated August 14, 1989 written by Greg Barnes to Mary Miller setting forth the terms by which Guidry would accept candidate referral from appellant and on Mary Miller's response dated August 17, 1989 and written at the bottom of page two of Barnes's letter of August 14, 1989.

It is undisputed that Mary Miller's response did not accept the terms set forth by Barnes in the August 14th letter, but it is equally clear from that response that appellant was contending that before appellant received Barnes's letter of August 14th the parties had orally agreed on a 50–50 split, appellant had given Barnes the name and telephone number of the physical therapist candidate, and that the candidate had already had a telephone interview with a prospective employer through a referral by Guidry.

The motion for summary judgment was set for an oral hearing to be held on July 24, 1991. On July 11, 1991 appellant timely filed a first amended original petition and also a response to Guidry's motion for summary judgment.

The first amended original petition contained the following allegations.

Around August 10 or 11, 1989, Guidry, through Barnes, agreed to pay appellant one-half of any placement fee received by Guidry for placement of appellant's candidate, a physical therapist, with Professional Medical Services in Rockford, Illinois, with which Guidry had an exclusive agreement. In reliance on the fee sharing agreement, appellant disclosed the candidate's identity and address and transmitted his resume to Guidry. Appellant's verbal agreement with Guidry included the understanding and implied agreement customary in the industry that the referring agency's right to the agreed share of the fee applied to any placement of the referred applicant within at least one year of the referral. The quantum meruit allegations were repeated in the first amended original petition.

The appellant's response to Guidry's motion for summary judgment and appellant's summary judgment proof clearly raised fact issues concerning appellant's claim that a verbal contract was made in a telephone conversation between appellant and Barnes on August 10 or 11, 1989 and concerning the custom and practice in the in-

dustry that it is implied in every fee-splitting agreement that the agency referring the applicant (1) retains the right to the agreed share of the fee for a period of not less than one year from the date of the referral and (2) the right to the agreed share of the fee applies to any placement of the applicant referred.

In four points of error appellant contends that (1) the appellee's summary judgment proof did not establish that no contract existed, (2) the summary judgment proof of appellant raised fact issues as to the existence of a contract, (3) the appellant's quantum meruit cause of action was not addressed in the motion for summary judgment and (4) the summary judgment proof did not disprove a cause of action in quantum meruit.

A motion for summary judgment must state the specific grounds upon which judgment is sought. TEX.R.CIV.P. 166a(c); *Hall v. Harris County Water Control & Improvement Dist. No. 50*, 683 S.W.2d 863, 867 (Tex.App.—Houston [14th Dist.] 1984, no writ). A summary judgment may be upheld on appeal only if the movant has conclusively established that there is no genuine issue as to any material fact, and the movant is entitled to judgment as a matter of law. TEX.R.CIV.P. 166a(c); *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671 (Tex.1979); *Davis v. H.I.S.D.*, 654 S.W.2d 818, 820 (Tex.App.—Houston [14th Dist.] 1983, no writ). The question to be determined on appeal is whether the summary judgment evidence negates as a matter of law the existence of any genuine issue of material fact as to one or more of the essential elements of plaintiffs cause of action. *Gonzales v. Global Truck & Equipment, Inc.*, 625 S.W.2d 348, 350 (Tex.App.—Houston [1st Dist.] 1981, no writ).

Appellee has the burden to establish an entitlement to summary judgment as a matter of law on each cause of action alleged regardless of whether the cause is alleged by amended pleading. *Clark v. First Nat. Bank of Highlands*, 794 S.W.2d 953, 955 (Tex.App.—Houston [1st Dist.] 1990, no writ). In reviewing the propriety of the summary judgment, this court must accept as true the nonmovant's version of the facts as evidenced by the summary judgment proof and must make every reasonable inference in the nonmovant's favor. *Conerly v. Morris*, 575 S.W.2d 633, 635 (Tex.App.—Houston [1st. Dist.] 1978, writ ref'd n.r.e.).

In this case the appellee failed to meet the burden of proof to establish its entitlement to a summary judgment as a matter of law.

The motion for summary judgment states there was no contract between the parties because the appellant did not accept Guidry's proposal contained in the letter of August 14, 1989, but instead made a counteroffer which was never accepted. Guidry's summary judgment proof effectively established that no contract arose from the letter of August 14, 1989 and appellant's response thereto, but there was no summary judgment proof that a valid verbal contract had not been made in the telephone conversation between appellant's Mary Miller and Guidry's Greg Barnes on August 10 or 11, 1989. Also there was nothing in Guidry's motion for summary judgment or in its summary judgment proof even addressing the appellant's quantum meruit claim.

Furthermore, appellant in its response to the motion for summary judgment and in its summary judgment proof clearly raised fact issues on both the appellant's contract claim and its quantum meruit claim.

The summary judgment rendered by the trial court is reversed and this cause is remanded to the trial court.