**Dempsey Ray JONES and Bobbye Jean Jones, Appellants,**

v.

**WAL–MART STORES, INC, and Jim Beard, Appellees.**

No. 01–94–00605–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Jan. 19, 1995.

Rehearing Overruled Feb. 9, 1995.

---

**3.** The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

Thomas W. McQuage, Galveston, for appellants.

Alan N. Magenheim, Houston, for appellees.

Before COHEN, HEDGES and WILSON, JJ.

## OPINION

WILSON, Justice.

Appellants, Dempsey Ray Jones and his wife, Bobbye Jean Jones, appeal in a single point of error the trial court's granting of a motion for summary judgment in favor of the appellees, Wal–Mart Stores, Inc., and Jim Beard. The fundamental issue presented is whether evidence raising a fact issue on an unpled cause of action is sufficient to defeat an admittedly otherwise valid summary judgment. We decide the unpled cause of action was not before the court for decision and affirm.

### Summary of Facts

Appellants originally brought suit against appellees for injuries sustained by Mr. Jones while working at the Wal–Mart store in Pearland. On December 6, 1991, Mr. Jones was injured when his back gave out while unloading tires from a truck. He states that as a result of the injury he has undergone three back operations, including one in which a steel plate was placed in his lower back.

### Plaintiffs' (Appellants') Original Petition

Appellants alleged in their original petition that:

On December 6, 1991, Dempsey Ray Jones was an employee of Defendant Wal–Mart at its number 872 store in Pearland, Brazoria County, Texas, when he sustained a herniated lumbar disc while in the course and scope of his employment as a result of the conscious indifference, gross negligence, of Wal–Mart by and through its agents, servants and employees, specifically Jim Beard, its manager. Defendants' gross negligence was a proximate cause of all of Plaintiffs' damages.

This was the sole cause of action alleged in the original petition filed by appellants. We

construe the pleading to allege a cause of action for gross negligence only, and do not understand appellants' arguments before us to contest this construction.

### Defendants' (Appellees') Motion for Summary Judgment

Appellees responded by filing a general denial, followed by a motion for summary judgment which argued that under the Texas Workers' Compensation Act, a claim for gross negligence against an employer is available only to the spouse or heirs of a *deceased* employee. Appellees stated that since Mr. Jones is not deceased, he cannot assert a claim against them for gross negligence, and his sole remedy is the recovery of worker's compensation benefits. Appellees also related in their motion that Mr. Jones sought and received workers' compensation benefits as a result of his injury. Appellees attached as exhibits to their motion a form from the Texas Workers' Compensation Commission entitled "Employer's First Report of Injury or Illness," that had been completed with information regarding Mr. Jones and his injury, and what appears to be appellees' internal form entitled "Associate Statement—Workers Compensation," that has been partially completed by Mr. Jones with information about the details of his injury.

The workers' compensation act provides that: "[r]ecovery of workers' compensation benefits is the exclusive remedy of an employee covered by workers' compensation insurance coverage or a legal beneficiary against the employer or an agent or employee of the employer for the death of or a work-related injury sustained by the employee." TEX.LABOR CODE ANN. § 408.001(a) (Vernon 1994). The act further provides that: "[t]his section does not prohibit the recovery of exemplary damages by the surviving spouse or heirs of the body of a deceased employee whose death was caused by an intentional act or omission of the employer or by the employer's gross negligence." TEX.LABOR CODE ANN. § 408.001(b) (Vernon 1994).

In their brief, appellants accept the preemptive effect of the workers' compensation act on their claims against appellees for gross negligence. Therefore, we find appellants have conceded the correctness of the trial court's ruling on the issue of gross negligence, and we sustain the summary judgment on that ground.

However, appellants contend they may still maintain a claim against appellees for Mr. Jones' injury based on a theory of intentional tort even though appellants' petition cannot be read to support such an allegation.

### Plaintiffs' (Appellants') Response to Summary Judgment

The appellants stated in their response to the appellees' motion for summary judgment that:

> There are genuine issues of material fact which preclude the granting of Defendant's Motion for Summary Judgment because Defendant intentionally caused injury to Plaintiff on December 6, 1991, as reflected by the Supporting Affidavit of Plaintiff DEMPSEY R. JONES attached hereto and incorporated herein as Exhibit A. The exclusive remedy provision of the 1989 Texas Workers' Compensation Act does not bar an action for a nonfatal but intentional injury caused by a private employer. *Rodriguez vs. Naylor Industries, Inc.,* 763 S.W.2d 411 (Tex.1989). Plaintiffs' cause of action against Defendant is predicated upon the intentional conduct of Defendant that occurred on December 6, 1991, that resulted in Plaintiff having three (3) surgical procedures on his low [sic] back. Defendant has not established that it is entitled to Judgment as a matter of law.

Appellants attached the affidavit of Mr. Jones to their response. Mr. Jones testified by his affidavit that on April 22, 1991, prior to the date of the injury concerned in this case, he had injured his back when he slipped while working at a Wal–Mart in Alvin. Jones stated that when he was later transferred to the Pearland store, he was under the impression that his medical records had not yet been forwarded. He also stated that on December 6, 1991, the date of the injury concerned here, he told Mr. Beard, his supervisor, that he could not unload the tires because of the previous injury to his back. Jones stated that Beard told him "[y]ou can

work the kinks out of your back by unloading the tires." Jones said that, in his opinion, the conduct of Beard was intentional and caused the injury to his back.[1]

### Recovery for an intentional tort

■ In their sole point of error, appellants contend the trial court erred in granting appellees' motion for summary judgment. Although appellants concede in their brief that the Texas Workers' Compensation Act in this case preempts a suit for an employer's negligence, and for gross negligence, they argue that a cause of action for an intentional tort is not preempted by the act. Appellants contend that although the allegation of intentional tort was absent from their original petition, it was present in their response to appellees' motion for summary judgment, and therefore, the trial court improperly prevented appellants from presenting their case to a jury by granting summary judgment for the appellees.

■ Although the workers' compensation act bars an employee's common-law action for negligence against his employer, the act does not exempt employers from common-law liability for intentional torts. *Massey v. Armco Steel Co.*, 652 S.W.2d 932, 933 (Tex.1983); *Reed Tool Co. v. Copelin*, 610 S.W.2d 736, 739 (Tex.1980). However, Texas courts also recognize that a claim made under the provisions of the workers' compensation act and a claim for an intentional tort are mutually exclusive. *Massey*, 652 S.W.2d at 933; *Ramirez v. Pecan Deluxe Candy Co.*, 839 S.W.2d 101, 106 (Tex.App.—Dallas 1992, writ denied). The collection of workers' compensation benefits by an employee who later alleges that his injury was caused by an intentional tort constitutes an election of remedies and estops the employee from proceeding to recover damages outside the act. *Massey*, 652 S.W.2d at 933; *Porter v. Downing*, 578 S.W.2d 460, 461 (Tex.Civ.App.—Texarkana 1979, writ ref'd n.r.e.).

As noted above, appellants contend that although the allegation of intentional tort was absent from their original petition, it was present in their response to appellees' motion for summary judgment. Therefore, appellants reason, the evidence contained in the affidavit presented a material fact issue on the theory of intentional tort sufficient to prevent summary judgment against them.

■ In a motion for summary judgment, a defendant-movant is required to meet the plaintiff's causes of action as they are pleaded, and to demonstrate that the plaintiff cannot prevail. *Cook v. Brundidge, Fountain, Elliot & Churchill*, 533 S.W.2d 751, 759 (Tex. 1976); *Rogers v. R.J. Reynolds Tobacco Co.*, 761 S.W.2d 788, 795 (Tex.App.—Beaumont 1988, writ denied). We find the record indicates, and the appellants concede, they did not allege a theory of recovery based on intentional tort in their original petition, but mentioned it for the first and only time in their response to appellees' motion for summary judgment. Appellants also did not amend their petition to include this additional theory of recovery. Therefore, we find appellants' claim for intentional tort was not properly at issue before the trial court at the time it granted appellants' motion for summary judgment.

■ Appellants contend that their failure to raise a theory of recovery based on intentional tort in their original petition is analogous to a pleading defect. We note that the determination of whether a plaintiff fails to state a cause of action in his pleadings may not be resolved through summary judgment, but must be properly resolved through a special exception. *Massey*, 652 S.W.2d at 934. However, the intentional tort claim alleged in appellants' summary judgment response is not a correction or refinement of a theory of recovery alleged in their petition. Rather, it is a separate and distinct cause of action and is raised for the first time in their response. Appellants rely on *Whiddon v.*

---

1. Because we decide the issue of intentional tort was not before the court, we do not analyze further the facts alleged by Jones. We do not know how Wal–Mart defended itself before the trial court on this issue, but before this Court, appellees claimed appellants were not entitled to maintain a cause of action for intentional tort because of an election of remedies made by appellants in accepting workers' compensation benefits. However, we cannot say from this record appellees have proven appellants have received a final determination of benefits, have accepted compensation, and thereby have elected their remedy.

*Metni,* 650 S.W.2d 904, 905–06 (Tex.App.— Dallas 1983, writ ref'd n.r.e.), for the proposition that a defendant carries the burden to conclusively disprove a plaintiff's case on a motion for summary judgment, even if the plaintiff interjects an alternative theory of recovery into the case after the motion for summary judgment has been filed. We find *Whiddon* distinguishable on the facts because unlike the present case, the plaintiff in *Whiddon* filed an amended petition alleging an additional theory of recovery after the motion for summary judgment was filed. *Id.* at 905. Appellants did not amend their petition to include an intentional tort theory of recovery.

Appellants argue that unpleaded claims or defenses that are tried by express or implied consent of the parties are treated as if they had been raised by the pleadings. *Roark v. Stallworth Oil and Gas, Inc.* 813 S.W.2d 492, 495 (Tex.1991). We find nothing in the record to indicate appellees set up a defense of election of remedies relevant to the claim of intentional tort first advanced in the appellants' response. The record indicates appellees sought summary judgment only on the defense of exclusive remedy against a pleading of gross negligence. We cannot conclude from the record before us that the parties joined the issue of intentional tort before the trial court and received a ruling thereon.

The evidence before the trial court was sufficient to establish, as a matter of law, that there was no genuine issue of fact as to the elements of appellants' cause of action for gross negligence. Accordingly, we find it was not error for the trial court to grant appellees' motion for summary judgment. We overrule appellants' point of error.

Finding no reversible error, we affirm the judgment of the trial court.