**Affirmed and Opinion Filed January 29, 2018.**



In The

## Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-16-01130-CV

**BARBARA SIMMONS, Appellant**
**V.**
**PRIORITY BANK, N.A., Appellee**

**On Appeal from the 429th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 429-00016-2015**

## MEMORANDUM OPINION

Before Justices Bridges, Fillmore, and Stoddart
Opinion by Justice Stoddart

Barbara Simmons appeals from a summary judgment in favor of Priority Bank, N.A. in her wrongful foreclosure lawsuit. Simmons complains the trial court erred by granting summary judgment on her claim that Priority misrepresented that she could refinance the mortgage on the property. Priority responds that the only claim raised in Simmons's live pleading was for improper notice of the foreclosure sale and she has no pleading to support a misrepresentation claim. We conclude Simmons's pleading does not support a misrepresentation claim and affirm the trial court's judgment.

Simmons filed suit to enjoin the foreclosure sale, claiming she did not receive notice of sale. She obtained a temporary restraining order, but not a temporary injunction. When the temporary restraining order expired, Priority again listed the property for foreclosure and

conducted the foreclosure sale. Afterwards, Priority filed a motion for summary judgment with evidence describing the proceedings leading to the foreclose sale. Priority argued that notice was properly sent to the property address, which was the last known address for Simmons, and that Simmons was not entitled to injunctive relief because she never asserted a viable cause of action.

Simmons filed a response to the motion for summary judgment and a declaration explaining her attempts to renegotiate the debt and prevent foreclosure. Simmons lived in the property following the deaths of her parents. She is one of four siblings. She stated a representative of Priority told her she needed to have her siblings deed their interest in the property to her in order for her to assume the note in her name. After her siblings deeded their interests to her, she was told "the deal was done." Later, however, Priority told her to stop making payments so they could conduct a friendly foreclosure sale. She refused and continued sending payments to Priority. At some point, Priority refused to accept the payments and returned them. Simmons argued that the claim in her petition followed the elements of common law misrepresentation and her declaration raised material fact issues on the elements of misrepresentation.

We review the grant of summary judgment de novo. *Masterson v. Diocese of Nw. Tex.*, 422 S.W.3d 594, 607 (Tex. 2013). A party moving for traditional summary judgment has the burden to prove that there is no genuine issue of material fact and it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Cantey Hanger, LLP v. Byrd*, 467 S.W.3d 477, 481 (Tex. 2015). "When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor." *Id*. A party moving for no-evidence summary judgment must challenge specific elements of the opponent's claim or defense on which the opponent will have the burden of proof at trial. TEX. R. CIV. P. 166a(i); *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex.

2009). Once a party moves for no-evidence summary judgment, the court "must grant the motion unless the respondent produces summary judgment evidence raising a genuine issue of material fact." TEX. R. CIV. P. 166a(i). Thus, to defeat a no-evidence motion for summary judgment, the nonmovant is required to produce more than a scintilla of probative evidence raising a genuine issue of material fact on each challenged element of its claim. *See Gish*, 286 S.W.3d at 310; *see also* TEX. R. CIV. P. 166a(i).

Simmons alleged in her live pleading that she had equity in the property and had not received notice of the foreclosure sale as required by the property code. She learned of the pending sale when she attempted to discuss reinstatement of the loan with Priority. In her pleading, she sought only injunctive relief against the sale. In connection with the request for an injunction, she alleged she "reasonably relied on Defendant's conduct and promises to allow Plaintiff a period of time to address the issues of probating the estate of her parents and make payments to Defendant." Other than general relief, Simmons prayed only for a temporary restraining order against foreclosure.

Although she alluded to misrepresentation in her summary judgment response, Simmons never amended her pleading to allege a cause of action for misrepresentation or seek relief for that claim. Nothing in the record indicates that Priority understood a claim for misrepresentation was alleged by Simmons or that the claim was actually tried by either party. Thus, that claim was never presented to the trial court and Simmons's arguments on appeal are not preserved. *See Jones v. Wal-Mart Stores, Inc.*, 893 S.W.2d 144, 147–48 (Tex. App.—Houston [1st Dist.] 1995, no writ) (holding evidence of an unpleaded cause of action will not defeat summary judgment); *See also Luna v. Gunter Honey, Inc.*, No. 09–05–207–CV, 2005 WL 3490126, at *1 (Tex. App.—Beaumont Dec. 22, 2005, pet denied) (mem. op.) ("[I]f the nonmovant raises a new theory for the first time in its response to a motion for summary judgment, and does not amend

its pleadings to include this additional theory of recovery, the new theory of recovery is not considered at issue before the trial court when the trial court rules on the motion for summary judgment."); *Lemke Concrete Constr. v. Emp'rs Mut. Cas. Co.*, No. 05-95-01259-CV, 1997 WL 78917, at *2 (Tex. App.—Dallas Feb. 26, 1997, no writ) (not designated for publication) (same).

Because Simmons does not attack any ground for summary judgment on the only claim before the trial court, she fails to establish reversible error. We affirm the trial court's judgment.

/Craig Stoddart/

CRAIG STODDART
JUSTICE

161130F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

BARBARA SIMMONS, Appellant

No. 05-16-01130-CV      V.

PRIORITY BANK, N.A., Appellee

On Appeal from the 429th Judicial District
Court, Collin County, Texas
Trial Court Cause No. 429-00016-2015.
Opinion delivered by Justice Stoddart.
Justices Bridges and Fillmore participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee PRIORITY BANK, N.A. recover its costs of this appeal from appellant BARBARA SIMMONS.

Judgment entered this 29th day of January, 2018.