**Affirmed and Memorandum Opinion filed July 25, 2023.**



In The

# Fourteenth Court of Appeals

### NO. 14-22-00130-CV

### MARCELL RODRIGUEZ SEGOVIA, Appellant

### V.

### HOUSTON METALS, LLC, Appellee

**On Appeal from the 129th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2019-82898**

## MEMORANDUM OPINION

In a single issue on appeal from a final summary judgment, appellant Marcell Rodriguez Segovia argues the trial court erred because there were genuine issues of material fact precluding summary judgment in favor of appellee Houston Metals, LLC. We affirm.

### I.    BACKGROUND

Segovia, a truck driver for 7G's Trucking, drove to a facility owned by

Houston Metals, LLC in October 2019 to receive a load of scrap metal. The scrap metal was loaded by a machine operated by a Houston Metals' employee into Segovia's truck. After the truck was loaded, Segovia drove his truck to a scale to have the load weighed. Houston Metals issued a ticket confirming the load was not overweight, and then Segovia moved the truck near the exit of the Houston Metals facility to cover and secure the load. Segovia alleges the truck was overloaded by volume such that he had to "even out" the load to cover the trailer. Segovia was on top of his truck when he slipped on a piece of scrap metal and fell. Segovia sustained injuries, including several fractures and broken bones.

Segovia filed suit against Houston Metals asserting negligence and gross negligence. The basis of Segovia's claims was his allegation that Houston Metals overloaded his truck, which ultimately led to his injuries. Houston Metals filed a traditional and no-evidence summary-judgment motion seeking dismissal of all Segovia's claims. In its no-evidence motion, Houston Metals argued that summary judgment was proper because Segovia had not produced evidence on any element of a negligent-activity claim or a premises-liability claim. In its traditional motion, Houston Metals asserted that the evidence demonstrated as a matter of law that Segovia could not establish duty or proximate cause. The trial court granted Houston Metals' summary-judgment motion and rendered a final judgment.[1]

Segovia filed a motion for reconsideration, which was denied by the trial court. Segovia now timely appeals.[2]

---

[1] The final judgment contains unequivocal finality language: "This is the final judgment, it disposes of all claims and parties and is appealable." *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 192–93, 200 (Tex. 2001).

[2] Segovia filed his postjudgment motion December 13, 2021—within the thirty-day period during which the trial court retained plenary power—thereby extending plenary power. *See* Tex. R. Civ. P. 329b(a), (c). However, the court clerk returned Segovia's electronic filing

## II.  ANALYSIS

Segovia argues on appeal that a fact question exists because there was summary-judgment evidence establishing that Houston Metals previously overloaded trucks, knew it had overloaded Segovia's truck, refused to help Segovia or reconfigure the load so the truck could be tarped, and knew Segovia could not legally leave its premises until the load had been fixed.

### A.  Standard of review

We review a trial court's ruling on summary judgment de novo. *Traveler's Ins. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). In conducting that review, we examine the entire record in the light most favorable to the nonmovant, crediting evidence a reasonable juror could credit and disregarding contrary evidence unless a reasonable juror could not. *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013). Our review is limited to the issues presented to the trial court in the motion for summary judgment, as the judgment may be affirmed only on grounds presented in the motion. Tex. R. Civ. P. 166a(c); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 676 (Tex. 1979).

"When a party moves for both traditional and no-evidence summary judgments, we first consider the no-evidence motion." *First United Pentecostal*

---

due to a clerical error, and the filing was not accepted until December 14, 2021. Houston Metals argues that Segovia's motion was untimely and therefore his appeal is untimely. We disagree. Rule 21(f)(5) addresses this situation providing that an "electronically filed document is deemed filed when transmitted to the filing party's electronic filing service provider[.]" Tex. R. Civ. P. 21(f)(5); *see also NA Land Co. v. State*, 624 S.W.3d 671, 674–75 (Tex. App.—Houston [14th Dist.] 2021, no pet. h.) (holding that objection to condemnation award was timely filed when objection was submitted to service provider on last day for filing but was not accepted due to technical outage). Further, the trial court also marked Segovia's motion as filed on December 13, 2021 and therefore filed within the trial court's plenary power. We conclude Segovia's postjudgment motion was timely filed, as was his notice of appeal.

*Church of Beaumont, d/b/a the Anchor of Beaumont v. Parker*, 514 S.W.3d 214, 219 (Tex. 2017) (citing *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004)). "If the non-movant fails to meet its burden under the no-evidence motion, there is no need to address the challenge to the traditional motion as it necessarily fails." *Id*. (citing *Merriman*, 407 S.W.3d at 248). "Thus, we first review each claim under the no-evidence standard." *Id*.

When a motion for summary judgment claims there is no evidence supporting any element of a claim or defense on which the nonmovant bears the burden of proof at trial, we look to see if the nonmoving party has presented evidence raising a genuine issue of material fact on the element or elements in question. Tex. R. Civ. P. 166a(i); *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006)).

## B.    Premises liability

Segovia admits that he pleaded a negligence claim against Houston Metals but argues that a negligence claim includes both a "premises-liability theory" or "negligent activity" theory. Segovia's legal arguments, in the trial court and here, blend negligent activity and premises liability because he is alleging that a negligent activity on the part of Houston Metals (overloading the trailer) caused a dangerous condition on Segovia's trailer (the piece of scrap metal Segovia slipped on).

"[A] person injured on another's property may have either a negligence claim or a premises-liability claim against the property owner." *Occidental Chem. Corp. v. Jenkins*, 478 S.W.3d 640, 644 (Tex. 2016). "Negligence and premises liability claims . . . are separate and distinct theories of recovery, requiring plaintiffs to prove different, albeit similar, elements." *United Scaffolding, Inc. v. Levine*, 537 S.W.3d 463, 471 (Tex. 2017); *see also* Comm. on Pattern Jury

4

Charges, State Bar of Tex., *Texas Pattern Jury Charges: Malpractice • Premises • Products* PJC 65.1 (2020). However, the supreme court has acknowledged that an injury can have more than one proximate cause. *Austin v. Kroger Tex., L.P.*, 465 S.W.3d 193, 216 (Tex. 2015). In other words, the fact that a plaintiff has alleged that a condition of the premises proximately caused his injury does not preclude the plaintiff from also alleging that the defendant-landowner may have owed other duties, the breach of which caused injury. *See id*. Therefore, we review Segovia's pleadings to determine if he pleaded a premises-liability cause of action in addition to his negligent-activity cause of action.

The elements of a premises-liability claim are: (1) the defendant had actual or constructive knowledge of some condition on the premises; (2) the condition posed an unreasonable risk of harm; (3) the defendant failed to exercise reasonable care to reduce or eliminate the risk; and (4) the defendant's failure proximately caused the plaintiff's injuries. *United Scaffolding*, 537 S.W.3d at 471; *see also* Comm. on Pattern Jury Charges, State Bar of Tex., *Texas Pattern Jury Charges: Malpractice • Premises • Products* PJC 66.4 (2020). When a plaintiff alleges injury as a result of a physical condition or defect on the premises, premises-liability principles apply. *Id*. at 472. "[S]lip/trip-and-fall cases have consistently been treated as premises defect causes of action." *Id*. (holding alleged injury resulting from fall through scaffolding platform that was not properly secured constituted premises-liability claim).

Segovia's amended petition alleges that Houston Metals did not ensure a safe work environment on their premises, provide him with proper assistance, maintain a safe work environment, provide him with proper warning of the hazards associated with an overloaded scrap trailer, or load Segovia's trailer in a safe and proper manner. However, Segovia does not allege that he was injured by any

defect or dangerous condition on Houston Metals' premises. The alleged dangerous condition was on Segovia's truck. Segovia also neither alleges that his truck was owned, occupied or controlled by Houston Metals, nor was there any summary-judgment evidence establishing Houston Metals' control over the truck. Therefore, although the facts of this case involve a slip and fall, Segovia has not pleaded a premises-liability claim. *See Wilson v. Tex. Parks & Wildlife Dep't*, 8 S.W.3d 634, 635 (Tex. 1999) ("As a rule, to prevail on a premises liability claim a plaintiff must prove that the defendant possessed—that is, owned, occupied, or controlled—the premises where injury occurred.").

A "defendant need not . . . show that the plaintiff cannot succeed on any theory *conceivable* in order to obtain summary judgment; he is only 'required to meet the plaintiff's case as pleaded.'" *SmithKline Beecham Corp. v. Doe*, 903 S.W.2d 347, 355 (Tex. 1995) (quoting *Cook v. Brundidge, Fountain, Elliott & Churchill*, 533 S.W.2d 751, 759 (Tex. 1976)); *see also Jones v. Wal-Mart Stores, Inc.*, 893 S.W.2d 144, 147 (Tex. App.—Houston [1st Dist.] 1995, no pet.) (unpleaded cause of action could not be raised to defeat summary-judgment motion that was directed at claim that plaintiff asserted in petition). Therefore, even though Segovia's summary-judgment briefing asserts a premises-liability cause of action, he did not plead a premises-liability cause of action and cannot raise it for the first time in his summary-judgment briefing.[3]

---

[3] Even if Segovia's amended petition could be liberally construed as pleading a premises-liability cause of action, he presented no summary-judgment evidence to establish Houston Metals' control of his truck or a defect on the premises subject to their control. Having concluded that Segovia did not plead or prove a premises-liability claim, we need not consider his arguments that the "necessary use" exception applied to create liability on the part of Houston Metals. The necessary-use exception is an exception to the general rule in a premises-liability claim that an owner need not warn or make the premises safe as against obvious or known dangers. *Austin*, 465 S.W.3d at 204.

## C. Negligent activity

We turn now to Segovia's negligent-activity claim. Because Houston Metals moved for summary judgment on traditional and no-evidence grounds, we begin with the no-evidence grounds. *Parker*, 514 S.W.3d 214, 219.

In a negligence claim, a plaintiff must prove the existence of a legal duty, a breach of that duty, and damages proximately caused by the breach. *Gharda USA, Inc. v. Control Sols., Inc.*, 464 S.W.3d 338, 352 (Tex. 2015). Recovery on a negligent-activity claim requires that the plaintiff was injured by or as a contemporaneous result of the activity itself rather than by a condition created by the activity. *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992); *see also* Comm. on Pattern Jury Charges, State Bar of Tex., *Texas Pattern Jury Charges—General Negligence, Intentional Torts & Workers' Compensation* PJC 2.1, 2.4, 4.1 (2020).

Segovia did not present any evidence, and thereby raise a fact issue, regarding any contemporaneous negligent activity on the part of Houston Metals. The undisputed evidence in the record is that Segovia's truck was loaded by machine without incident. Although Segovia argues that Houston Metals overloaded his truck by volume and had a pattern of doings so, he was not injured in the loading of his truck or by any ongoing activity contemporaneous to the loading of the truck. Segovia then drove to the scale to have the truck weighed, without incident. It was not until Segovia drove to the exit of the property to cover his load that he fell off his truck and was injured. Segovia presented no summary-judgment evidence of any contemporaneous or ongoing activity on the part of Houston Metals at the time of his injuries. Therefore, no proximate cause exists connecting Segovia's injuries to the complained-of conduct.

As the supreme court has previously expressed, "almost every artificial

7

condition can be said to have been created by an activity." *Keetch*, 845 S.W. 2d at 264. Therefore, the supreme court has "decline[d] to eliminate all distinction between premises conditions and negligent activities." *Id*. Following this precedent, we conclude that Segovia did not raise a fact issue on each element required to prevail on his negligent-activity claim.

We overrule Segovia's sole issue on appeal.

### III. CONCLUSION

We affirm the judgment of the trial court as challenged on appeal.

/s/     Charles A. Spain
         Justice

Panel consists of Chief Justice Christopher and Justices Jewell and Spain.