**FOOTLOOSE, INC., Plaintiff,**

v.

**STRIDE RITE CHILDREN'S GROUP, INC., Defendant.**

**Civil A. No. 3:95–CV–0538–G.**

United States District Court,
N.D. Texas,
Dallas Division.

Dec. 7, 1995.

---

Kenneth L. King, Attorney at Law, King Law Firm, Dallas, TX, for Footloose Inc.

Monica Lynne Luebker, Attorney at Law, Figari & Davenport, Dallas, TX, for Stride Rite Children's Group Inc.

## MEMORANDUM ORDER

FISH, District Judge.

Before this court is the motion of the defendant Stride Rite Children's Group, Inc. ("Stride Rite") for summary judgment. For the reasons stated below, the motion is granted.

## I. BACKGROUND

The plaintiff Footloose, Inc. ("Footloose") owns and operates two retail stores in Dallas, Texas which sell children's shoes. Stride Rite, a manufacturer of children's shoes, has been one of Footloose's suppliers since 1989, when Footloose opened its first store. At that time, Stride Rite began selling children's shoes to Footloose on the terms and conditions set out in Stride Rite's sales policy. Footloose contends that this policy required a minimum purchase of 1000 pairs of shoes

annually to become and remain an active account.[1] Footloose maintains that throughout its existence, it has always purchased on an annual basis more than 1000 pairs of Stride Rite children's shoes for resale.

The ongoing business relationship between Stride Rite and Footloose came to an end in November 1994, when Stride Rite representatives advised Footloose that Footloose would no longer be an active account and would no longer be able to purchase shoes from Stride Rite. Challenging Stride Rite's decision, Footloose brought this suit against Stride Rite in a Texas district court, claiming that Stride Rite did not comply with its published sales policy that an account would be considered active as long as the account holder purchased at least 1000 pairs of shoes each year. Footloose contends that Stride Rite's non-compliance with its own policy violated the Texas Deceptive Trade Practices Act ("DTPA"), Tex.Bus. & Com.Code §§ 17.46(b)(2), (5), (9), (19), and (23) (Vernon Supp.1996), and damaged Footloose in the process. Stride Rite removed the case to this court on the basis of diversity of citizenship. Stride Rite then filed this motion for summary judgment.

## II. ANALYSIS

### A. Governing Law

Subject matter jurisdiction in this case is based on the diverse citizenship of the parties. The law of Texas thus supplies the rule of decision. *Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 78, 58 S.Ct. 817, 822, 82 L.Ed. 1188 (1938). The Supreme Court of Texas is the best authority on Texas law. *Commissioner of Internal Revenue v. Estate of Bosch,* 387 U.S. 456, 465, 87 S.Ct. 1776, 1782, 18 L.Ed.2d 886 (1967). This court is thus bound to apply Texas law as declared by its supreme court. *United States Aviation Underwriters, Inc. v. Olympia Wings, Inc.,* 896 F.2d 949, 953 (5th Cir.1990).

### B. Application of Texas Law

■ To be eligible for private relief under Section 17.50 of the DTPA, a person

---

1. Under a heading entitled "Minimum Yearly Purchase," Stride Rite's published sales policy stated: "A minimum purchase of 1000 pairs per year is required to maintain status as an active account." Plaintiff's Original Petition, Exhibit A.

must be a consumer.[2] *Riverside National Bank v. Lewis*, 603 S.W.2d 169, 173 (Tex. 1980); *Cameron v. Terrell & Garrett, Inc.*, 618 S.W.2d 535, 538–39 (Tex.1981). Section 17.45(4) of the DTPA defines a consumer as any "individual, partnership, [or] corporation, . . . who seeks or acquires by purchase or lease, any goods or services. . . ." To qualify as a consumer for purposes of bringing a suit for private relief under the DTPA, a person must satisfy two requirements. *Cameron*, 618 S.W.2d at 539. The first requirement "is that the person must have sought or acquired goods or services by purchase or lease." *Id.* (citing *Riverside National Bank*, 603 S.W.2d at 174). The second requirement "is that the goods or services purchased or leased must form the basis of the complaint." *Id.* Failure to satisfy either of these requirements prevents the person from qualifying as a consumer under the DTPA, with the result that he/she/it must look to the common law or some other statutory provision for redress. *Id.*

Stride Rite asserts in its motion for summary judgment that because Footloose has failed to meet this second requirement, *i.e.*, that the goods or services purchased or leased must form the basis of the complaint, Footloose cannot qualify as a consumer entitled to private relief under the DTPA. Defendant's Motion for Summary Judgment at 4. In support of this position, Stride Rite quotes the deposition testimony of Footloose's designated representative Barbara L. Oakes ("Oakes"):

Q. Are you making any complaint on behalf of Footloose in this lawsuit about any of the products, goods, or shoes that Footloose purchased from Stride Rite?

A. I don't think so.

Q. Okay. Are you making any complaint in this lawsuit about any services Stride Rite provided Footloose?

A. I don't believe so.

Q. Is your complaint on behalf of Footloose in this lawsuit that Stride Rite discontinued selling shoes to Footloose?

A. Yes.

\* \* \* \* \* \*

Q. Are you making any complaint in this lawsuit about anything other than the discontinuation of the relationship of Footloose with Stride Rite?

A. No.

Motion for Summary Judgment at 6 (quoting deposition of Oakes, March 21, 1995, page 146: lines 6–18 and page 148: lines 15–19).

Stride Rite urges that Oakes' testimony, viewed against the backdrop of the Fifth Circuit's decision in *Americom Distributing Corporation v. ACS Communications, Inc.*, 990 F.2d 223 (5th Cir.), *cert. denied*, —— U.S. ——, 114 S.Ct. 189, 126 L.Ed.2d 148 (1993), makes it clear that Footloose is not a consumer under the DTPA. Motion for Summary Judgment at 6–7. In *Americom*, a distributor of headsets brought suit against the supplier of the headsets alleging that the supplier's unilateral termination of the distributorship agreement violated the DTPA. *Id.* at 225, 227. *Americom* held that although the distributor had purchased goods from the supplier, its complaint in the case was based on suspension of the distributorship rather than with any fault in the goods so that the distributor's claim did not properly come within the DTPA. *Id.* at 227.

Applying *Americom* to this case, the court concludes that Footloose does not qualify as a consumer within the meaning of the DTPA.[3] Footloose does not allege any prob-

2. Section 17.50 of the DTPA, entitled "Relief for Consumers," provides a private cause of action for aggrieved parties, but no remedy is provided unless the aggrieved party comes within the definition of a consumer in Section 17.45(4) of the DTPA. Tex.Bus. & Com.Code §§ 17.45(4), 17.50 (Vernon 1987 and Vernon Supp.1996).

3. Footloose contends that it qualifies as a consumer under Section 17.45(4) because it sought to buy goods from Stride Rite. This argument

may satisfy the first requirement in *Cameron*, that an entity must seek or acquire goods or services in order to be considered a consumer. *Cameron*, 618 S.W.2d at 539. However, Footloose has failed to produce any evidence or present any argument to satisfy *Cameron's* second requirement, *viz.*, that the goods or services purchased must form the basis of the complaint. *Id.* *Cameron* requires *both* that the entity seek or acquire goods *and* that those goods form the

lem or defect with any goods purchased from Stride Rite and in fact admits that its complaint has nothing to do with any of the products, goods or shoes that Footloose purchased from Stride Rite. Oakes deposition at 146:6–10. Footloose has also stated that its complaint is merely that Stride Rite discontinued selling shoes to Footloose. Oakes deposition at 146:15–18. From the testimony given by Oakes, Footloose's designated representative, it is apparent that Footloose's claim, like the unsuccessful DTPA claim in *Americom*, is based solely on the discontinuance of the sales relationship and not with any fault in the goods. *Americom*, 990 F.2d at 227. Accordingly, Footloose's DTPA claim is meritless. *Id*.

### III.   *CONCLUSION*

*Americom* teaches that Footloose is not a consumer within the purview of Section 17.45(4) of the DTPA. Without consumer status under the Section 17.45 of the DTPA, Footloose is unable to state a DTPA claim for private relief against Stride Rite. *Riverside*, 603 S.W.2d at 173. Accordingly, Stride Rite's motion for summary judgment is GRANTED.

**SO ORDERED.**

basis of the complaint. *Id*. Unless Footloose satisfies both of these requirements, it cannot qualify as a consumer under Section 17.45(4). *Cameron*, 618 S.W.2d at 539.