Affirmed and Opinion filed October 17, 2002









Affirmed and Opinion filed October 17, 2002.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO.
14-01-01265-CV

____________

 

LAW OFFICES OF LIN & ASSOCIATES,
Appellant

 

V.

 

CHIN-SAN HO, CHIUN-HSIUNG HUANG A/K/A JIM HUANG, AND 

HORNG CHIEN, INC.,
Appellees

 



 

On
Appeal from the 333rd District Court

Harris County, Texas

Trial
Court Cause No. 01-04791

 



 

O
P I N I O N

The
Law Offices of Lin & Associates appeals from a summary judgment granted to
defendants Chin-San Ho, Chiun-Hsiung Huang, and Horng Chien, Inc.  On appeal, Lin contends the trial court erred
in granting the motions for summary judgment and in granting a discovery
protective order requested by Ho.  We
affirm.








BACKGROUND

Lin
and Ho entered into a contingency fee contract for Lin to represent Ho in a
personal injury lawsuit against Ho=s former employer, Horng Chien.  Several
months later, Ho sent a letter to Lin requesting that she dismiss the
lawsuit.  Lin subsequently filed the
present action, alleging that an Aunder the table@ settlement occurred between Ho and Huang, who is a principle
of Horng Chien.  Lin=s lawsuit sought the payment of a contingency fee based on the
alleged settlement of the personal injury claim.  Lin alleged promissory estoppel,
breach of contract, fraud, and conspiracy against Ho and tortious
interference and conspiracy against Horng Chien and Huang.  Ho
counterclaimed, seeking a declaration of the rights and duties of the parties
under the contingency fee contract.

Ho
moved for summary judgment based on his declaratory judgment action and on a
no-evidence ground.  Huang and Horng Chien also filed a
no-evidence motion for summary judgment. 
The trial court granted both motions.

HO=S
SUMMARY JUDGMENT








In
her first issue, Lin contends the trial court erred in granting Ho=s
motion for summary judgment. 
Specifically, Lin=s only argument is that Ho=s motion was improper because it sought judgment on his
declaratory action, which presented no issues not already raised by Lin=s
pleadings, citing BHP Petrol. Co. v. Millard, 800 S.W.2d 838, 841 (Tex.
1990) (stating that declaratory actions are Anot available to settle disputes already pending before a court@).  However, in his motion for summary judgment,
Ho raised both traditional grounds based on his declaratory judgment action and
no-evidence grounds, under Tex. R. Civ. P. 166a(I), against
Lin=s
claims.[1]  On appeal, Lin offers no argument concerning
the no-evidence grounds.  Where, as here,
a trial court grants summary judgment without specifying the grounds on which
it is based, the party appealing the judgment must present argument challenging
each ground on which judgment could have been granted or the judgment will be
summarily affirmed.  See City
of Glenn Heights v. Sheffield Dev. Co., 55 S.W.3d 158, 163 (Tex. App.CDallas
2001, pet. denied); Malone v. E.I. du Pont de
Nemours & Co., 8 S.W.3d 710, 716B17 (Tex.
App.CFort Worth 1999, pet. denied); Smith v. Tilton, 3 S.W.3d
77, 83 (Tex. App.CDallas
1999, no pet.).  Because Lin has failed
to address Ho=s no-evidence ground for summary judgment, we need not address
the substance of the argument she does present. 
Lin=s first issue is overruled.

HUANG
AND HORNG CHIEN SUMMARY JUDGMENT

In
her second issue, Lin contends the trial court erred in granting summary
judgment for Huang and Horng Chien
on their joint no-evidence motion for summary judgment filed pursuant to Tex. R. Civ. P. 166a(I).  Lin contends
that Horn Chien=s and Huang= motion was not sufficiently specific in its assertion that
there was a lack of evidence on an essential element or elements of each of her
causes of action.








Rule
166a(i) requires a motion to
Abe
specific in challenging the evidentiary support for an element of a claim.@  Lampasas v. Spring Ctr., Inc., 988 S.W.2d
428, 436 (Tex. App.CHouston [14th Dist.]
1999, no pet.) (quoting Tex. R. Civ. P. 166a(I)
cmt.).  In
their motion, Huang and Horng Chien
begin by citing Rule 166a(i)
and setting forth brief background facts. 
Next, they identify the elements necessary for proving each of Lin=s
causes of action against them, i.e., tortious
interference and conspiracy.  Huang and Horng Chien also assert that both
causes of action were based on the allegation that Ho settled his claims in the
underlying lawsuit without providing his counsel, Lin, with her contingency
fee.  This presentation of the basis for
Lin=s
claims is fully supported by her live pleading at the time, APlaintiff=s
Second Amended Petition,@ and it was not refuted by Lin in her response to the motion
for summary judgment.  Huang and Horn Chien then aver that there was no settlement and that A[t]here
has been no evidence brought forward by the Plaintiff to establish the
existence of a settlement.@

In
sum, Huang and Horng Chien=s
motion identifies the factual allegations at the core of Lin=s
causes of action and asserts that she has provided no-evidence to support those
allegations.  On that basis, we find that
the motion is sufficiently specific in challenging the evidentiary support for
at least one element of each of her claims. 
See Lampasas, 988 S.W.2d at 436B37.  Accordingly, Lin=s
second issue is overruled.

THE
PROTECTIVE ORDER

In
her third issue, Lin contends that the trial court erred in granting a
protective order limiting the type and time-frame of the evidence she could
obtain regarding Ho=s finances.  The record
reflects that Ho filed a motion for a protective order in response to certain
of Lin=s
requests for discovery on June 13, 2001. 
The record however, does not contain anything to indicate Lin filed a timely response to this motion, nor does the record
contain a transcript of any hearing on the motion.  The trial court entered a protective order on
August 17, 2001.   Lin filed a AMotion
to Reconsider Protective Order@ on November 19, 2001, three months after the order was entered
and within a month of each defendant=s having filed for summary judgment.  The record does not contain any order on the
motion to reconsider, nor does it reflect any request or objection by Lin
regarding the trial court=s failure to rule on the motion.








To
preserve an issue for appellate review, a party must make a sufficiently
specific and timely motion, request, or objection.  Tex.
R. App. P. 33.1; City of Houston v. Precast
Structures, Inc., 60 S.W.3d 331, 335 (Tex. App.CHouston [14th Dist.] 2001, pet. denied).  On
appeal, a party is restricted to making arguments actually raised in the trial
court.  Stolz
v. Honeycutt, 42 S.W.3d 305, 315 (Tex. App.CHouston [14th Dist.] 2001, no pet.); Daughety
v. Nat=l Ass=n of Homebuilders of United States, 970 S.W.2d 178, 182 (Tex. App.CDallas 1998, no
pet.).  Because the record does not
demonstrate that Lin responded to the motion for protective order before the
order was entered, she has not preserved error. 
Similarly, as the record is bare of any trial court ruling on the motion
to reconsider or of Lin bringing such failure to rule to the trial court=s
attention or otherwise objected to the failure to rule, she has therefore not
preserved any error for our review.  See
Tex. R. App. P. 33.1 (to
preserve error, party must obtain either an express or implicit ruling or, if
the court refuses to rule, must object to the failure to rule); Rush v.
Barrios, 56 S.W.3d 88, 106 (Tex.
App.CHouston [14th Dist.] 2001, pet. denied) (holding that party failed to preserve any
complainants regarding special appearance by not obtaining a ruling); Pace
v. Jordan, 999 S.W.2d 615, 622 (Tex. App.CHouston [1st Dist.]
1999, pet. denied) (explaining that in response to motion for protective order,
party should have filed a motion to compel and obtained a ruling or objected if
the trial court refused to rule). 
Accordingly, Lin=s third issue is overruled.

The
judgment of the trial court is affirmed.

 

 

/s/        Eva
M. Guzman

Justice

 

Judgment rendered and Opinion filed
October 17, 2002.

Panel consists of Justices Edelman,
Seymore, and Guzman.

Do Not Publish C
Tex. R. App. P. 47.3(b).

 

 











[1]  As this court observed
all too recently, litigants filing motions for summary judgment under both the
traditional rule and the no-evidence rule should clearly delineate and separate
the arguments and authorities meant for each type.  See Russo v. Smith Int=l, Inc., No.
14‑01‑00203‑CV, 2002 WL 31235494, *1 n.4 (Tex. App.CHouston [14th Dist.] Oct. 3, 2002,
no pet. h.) (citing Waldmiller v.
Cont=l Express, Inc.,
74 S.W.3d 116, 122‑23 (Tex. App.CTexarkana 2002, no pet. h.).  In the present case, although the AIntroduction@ section
of Ho=s motion mentions only that the motion is being filed
pursuant to the Declaratory Judgments Act, the no-evidence portion of the
motion speaks directly to plaintiff=s
pleadings and claims and specifically discusses the evidence in a no-evidence
context.  Lin does not specifically argue
that Ho failed to properly raise a no-evidence ground, despite the fact that Ho
raised Lin=s failure to address the no-evidence claim in his
brief.  Additionally, the trial court
struck out the language in the proposed order regarding the declaratory
judgment action and the possible awarding of attorney=s fees under that action.  The trial court may have intended to grant
summary judgment based only on the no-evidence grounds, although the court did
not actually specify the basis of its order.