Affirmed and Memorandum Opinion filed March 23, 2004









Affirmed and Memorandum Opinion filed March 23, 2004.

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00526-CV

____________

 

IRENE KOCH D/B/A K
& K TRUCK AND AUTO, Appellant

 

V.

 

GRIFFITH-STROUD
CONSTRUCTION AND LEASING CO., Appellee

 



 

On Appeal from the 129th
District Court

Harris County, Texas

Trial Court Cause No. 99-12562

 



 

M E M O R A N D U M   O P I N I O N

Irene Koch, d/b/a K & K Truck and
Auto, appeals from a noBevidence summary judgment entered against
her claims for conversion and violations of the Texas Deceptive Trade Practices
Act[1]
against GriffithBStroud Construction and Leasing Co.  On appeal, Koch contends that the trial court
erred in granting the noBevidence summary judgment and in
sustaining GriffithBStroud=s objections to
her affidavit.  Because all dispositive
issues are clearly settled in law, we issue this memorandum opinion.  Tex.
R. App. P. 47.4.  We affirm.








Background

Koch leased business premises from
GriffithBStroud.  After GriffithBStroud locked Koch
out of the premises for alleged nonpayment of rent, Koch sued Griffith-Stroud
for conversion and DTPA violations based on its retention of Koch=s personal
property under a landlord=s lien and writ of possession.  Koch alleges that GriffithBStroud failed to
give her notice of any sale of the property, failed to credit the proceeds of
any sale against the amount of rent due, and failed to refund any proceeds
received over the amount of rent due.

This is the second appeal that we have
heard in this lawsuit.  In our original
opinion, we reversed a summary judgment favoring GriffithBStroud based on
limitations because GriffithBStroud failed to
prove the date on which the cause of action accrued.  Koch v. GriffithBStroud Constr.
& Leasing Co., No. 14B00B00083BCV, 2002 WL 287722
(Tex. App.CHouston [14th Dist.] Feb. 28, 2002, no
pet.) (not designated for publication) (AKoch I@).  On remand, the trial court granted a noBevidence summary
judgment favoring GriffithBStroud.  Because the trial court=s order does not
specify the grounds on which it is based, we must affirm if any of the theories
advanced are meritorious.  Dow Chem.
Co. v. Francis, 46 S.W.3d 237, 242 (Tex. 2001).

Summary Judgment Evidence

We utilize the normal standards in
reviewing the grant of a noBevidence summary
judgment.  See Tex. R. Civ. P. 166a(i); King Ranch,
Inc. v. Chapman, 118 S.W.3d 742, 750B51 (Tex.
2003).  In its motion, GriffithBStroud argued that
there was no evidence to support certain elements of Koch=s conversion and
DTPA causes of action.  Attached to her
response, Koch included five exhibits: (1) her own affidavit, (2)  a list of personal property and dollar
values, (3) a copy of our opinion in Koch I, (4) a copy of GriffithBStroud=s motion, and (5)
a copy of GriffithBStroud=s Supplemental
Response to the Request for Disclosure.








The trial court sustained certain of
GriffithBStroud=s objections to
Koch=s affidavit and to
the list of personal property.  On
appeal, Koch does not contend that the court erred in sustaining the objections
to the list; therefore, we will not consider this exhibit in our review of the
evidence.  See, e.g., Goss v. Bobby D.
Assocs., 94 S.W.3d 65, 71 (Tex. App.CTyler 2002, no
pet.).  In regard to the affidavit, Koch
contends only that GriffithBStroud=s objections were
not sufficiently specific to meet the requirements of Texas Rule of Evidence
103(a)(1) and Texas Rule of Appellate Procedure 33.1(a)(1)(A).[2]  GriffithBStroud=s objections to
the affidavit specifically identified each sentence that was being objected to,
stated the nature of the objection, and included citations to rules of civil
procedure and evidence and to case law. 
The objections were, therefore, clearly sufficient to meet the
requirements of Rules 103(a) and 33.1(a). 
See In re M.R., 975 S.W.2d 51 (Tex. App.CSan Antonio 1948,
pet denied)..  Accordingly, in our review
of the summary judgment proof, we will consider only the portions of Koch=s affidavit that
were not objected to or on which the objection was overruled.  See, e.g., Goss, 94 S.W.3d at 71.

 In
her response to the motion and in her appellate brief, Koch asserts that we
made certain factual holdings in Koch I.[3]  2002 WL 287722.  However, the language in the opinion quoted
by Koch is actually from the court=s quotation of her
own petition in the case.  See id.
at *1.  We included the quotation for the
very specific and limited purpose of identifying what her claims were.  Id. 
We did so to illustrate that she was not complaining about the lockout
(for which a date was established), but rather about an alleged subsequent
failure to credit the value of the seized personal property against the rent
due and to refund the difference to her (for which no date was established);
thus, the trial court=s summary judgment on limitations could
not be upheld.  Id.  Because the opinion contained no factual
findings, the quoted statements in the opinion do not constitute Alaw of the case@ and cannot be
used to defeat the noBevidence motion.  We therefore do not consider them in our
review.








Lastly, Koch attached two documents filed
in the case by GriffithBStroud: a copy of GriffithBStroud=s motion for
summary judgment, and a copy of GriffithBStroud=s Supplemental
Response to the Request for Disclosure. 
To the extent statements in these documents can constitute judicial
admissions, they are discussed below.

Conversion

Conversion is defined as A[t]he unauthorized
and wrongful assumption and exercise of dominion and control over the personal
property of another, to the exclusion of or inconsistent with the owner=s rights.@  Waisath v. Lack=s Stores, Inc., 474 S.W.2d 444,
447 (Tex. 1971).  To prove a conversion,
a plaintiff must show that (1) she owned, had legal possession of, or was
entitled to possession of the property and (2) the defendant assumed and
exercised dominion and control over the property in an unlawful and
unauthorized manner to the exclusion of and inconsistent with her rights.  See Hunt v. Baldwin, 68 S.W.3d 117,
131 (Tex. App.CHouston [14th Dist.] 2001, no pet.).  Inherent within these elements is the
requirement that the plaintiff must prove damages in order to recover.  See United Mobile Networks, L.P. v. Deaton,
939 S.W.2d 146, 147 (Tex. 1997).

In its motion, GriffithBStroud asserts
that there was no evidence to establish any of the elements required to prove
conversion.  We agree.  The only mention of property in the surviving
portions of her affidavit is as follows: AThat is, GriffithBStroud refused to
permit my son to re-enter the premises even to get his blood-pressure medicine.@  Obviously, this statement does not show that
Koch herself had a superior right to any property that was not returned.  The only other mentions of personal property
in the attachments to Koch=s response appear
in GriffithBStroud=s response to the
request for disclosure, wherein it stated:








The only
significant items of personal property remaining in the leased premises after
GriffithBStroud took
possession thereof were a frame straightening machine, a paint booth, a flatbed
trailer, and an old car.  Koch did not
own any of these items of personal property.  [&]  None of the other items of personal property
remaining in the leased premises . . . had any significant value.  The other personal property items were placed
outside the leased premises in accordance with the terms of the writ of
possession obtained in favor of GriffithBStroud.  (emphasis added).[4]

These statements do not indicate that Koch owned, had
legal possession of, or was entitled to possession of any property.  Therefore, Koch has failed to produce
evidence regarding the first element of conversion.  See Hunt, 68 S.W.3d 131.  Further, even if it could be assumed that the
Aother items of
personal property@ mentioned in the discovery response
belonged to Koch, GriffithBStroud
specifically stated that it left the property outside pursuant to the writ of
possession.  Hence, there is no
indication in this statement, or in any other of the summary judgment
documents, that GriffithBStroud exercised dominion and control over
Koch=s property in an
unlawful and unauthorized manner. 
Therefore, Koch has failed to produce evidence regarding the second
element of conversion.  See id.  Ultimately, Koch has failed to show that she
suffered any damages.  See United
Mobile Networks, 939 S.W.2d at 147. 
Accordingly, the trial court did not err in granting the noBevidence summary
judgment against Koch=s conversion claims.

DTPA Violations








To maintain a DTPA cause of action against
GriffithBStroud, Koch must
show that (1) she is a consumer under the DTPA, (2) GriffithBStroud committed a
false, misleading, or deceptive act under section 17.46(b) of the DTPA, and (3)
these acts were the producing cause of her actual damages.  See Brown v. Bank of Galveston, N.A.,
963 S.W.2d 511, 513 (Tex. 1998).[5]  GriffithBStroud=s motion
maintained that there is no evidence in this case to show that Koch was a
consumer under the DTPA, that GriffithBStroud committed a
wrongful act under the DTPA, or that any such act was a producing cause of Koch=s damages.  To affirm the summary judgment, we need look
no further than the first element: consumer status.

There are two requirements to establish
DTPA consumer status: (1) the plaintiff must have sought or acquired goods or
services by purchase or lease, and (2) the goods or services purchased or
leased must form the basis of the complaint. 
See Melody Home Mfg. Co. v. Barnes, 741 S.W.2d 349, 351B2 (Tex. 1987); Boales
v. Brighton Builders, Inc., 29 S.W.3d 159, 169 (Tex. App.CHouston [14th
Dist.] 2000, pet. denied).  In her
response and her brief, Koch asserts that GriffithBStroud judicially
admitted her status as a consumer when it stated, in its motion and in its
response to the request for disclosure, that Koch was a tenant in a building it
owned.  Assuming, without deciding, that
such a statement constituted a judicial admission of the landlord/tenant
relationship, it could indeed fulfill the first requirement of proving consumer
status, i.e., that she acquired goods or services by purchase or lease.   See Tex.
Bus. & Com. Code Ann. ' 17.45(1) (Vernon
2002) (defining Agoods@ to include Areal property
purchased or leased for use@).  However, Koch offers no evidence to establish
the second requirement of consumer status, i.e., that the leased
premises formed the basis of her complaint. 
For goods to form the basis of a complaint, the complaint must allege
some fault with the goods or some deceptive act or conduct directly related to
sale or lease of the goods.  See Americom
Distrib. Corp. v. ACS Communications, Inc., 990 F.2d 223, 227 (5th Cir.
1993) (holding claimant was not a consumer under the act because complaint
about distribution agreement did not allege any fault related to the product
being distributed); Malone v. E.I. du Pont de Nemours & Co., 8
S.W.3d 710, 715 (Tex. App.CFort Worth 1999,
pet. denied) (holding plaintiffs were not consumers because they did not allege
any fault with the goods but complained only of defendant=s failure to sell
them all they wanted to buy); see also Tex.
Bus. & Com. Code Ann. ' 17.46(b)
(providing laundry list of violations).








In the present case, Koch alleged GriffithBStroud committed
false, misleading, or deceptive acts as follows: (1) it failed to give her
notice of sale, if any, of her personal property; (2) it refused to return her
personal property; (3) it failed to credit the funds realized from the sale
against the back rent and to refund the surplus; and (4) it converted her
personal property.  These alleged acts
are not based on her lease of the premises, nor are they even based, as we
explained in Koch I, on the lockout from the premises; instead, they are
all based on GriffithBStroud=s alleged conduct
in prosecuting its landlord=s lien and writ of
possession.[6]  2002 WL 287722, at *1.  Accordingly, there is no evidence to show
that Koch was a consumer under the DTPA. 
The trial court did not err in granting the noBevidence summary
judgment against Koch=s DTPA claims.  We overrule Koch=s sole issue on
appeal.

The trial court=s judgment is affirmed.

 

 

/s/      Adele
Hedges

Chief Justice

 

Judgment rendered
and Memorandum Opinion filed March 23, 2004.

Panel consists of
Chief Justice Hedges and Justices Frost and Guzman.











[1]   Tex.
Bus. & Com. Code Ann. ' 17.01-.854 (Vernon 2002 & Supp. 2004).





[2]  Rule 103(a)
states, in part, AError may not be predicated upon a ruling which admits
or excludes evidence unless a substantial right of the party is affected, and
[i]n case the ruling is one admitting evidence, a timely objection or motion to
strike appears of record, stating the specific ground of objection, if the
specific ground was not apparent from the context.@  Tex. R. Evid. 103(a).  Rule 33.1(a) requires that to preserve a
complaint for appellate review, the complaining party must present it to the
trial court in a timely and sufficiently specific request, objection, or
motion.  Tex. R. App. P. 33.1(a).





[3]  For example,
Koch says we held that GriffithBStroud was not entitled to convert her property, that
Koch demanded return of the property, and that the fair market value of the
property was $97,310.





[4]  GriffithBStroud further stated that it returned the frame
machine and the old car to their rightful owners, that it obtained title to the
flatbed trailer and then sold it to a third party, and that the paint booth was
sold by its owner to a third party.





[5]  Koch does not
allege that GriffithBStroud breached a warranty or committed unconscionable
conduct.





[6]  We acknowledge
the obvious point that if Koch and GriffithBStroud
were not in a landlordBtenant relationship, then it never would have had a
landlord=s lien and she never would have lost her
property.  Although this means her claims
and the leased property are in some general way related, this is not sufficient
to show that the leased property formed the basis of her complaint.  See Americom Distrib. Corp., 990 F.2d
at 227; Malone, 8 S.W.3d at 715.